UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

BRANDON GREEN,

                Defendant.

**ORDER**

(S5) 16 Cr. 281 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        On March 27, 2019, a jury convicted Defendant Brandon Green of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); narcotics conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count Four); and using, carrying, and possessing firearms during and in relation to, and in furtherance of, the narcotics conspiracy charged in Count Four, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five). (Verdict (Dkt. No. 570)) The jury's verdict was premised on Green's participation in the Blood Hound Brims, a Bloods gang engaged in large-scale narcotics trafficking and acts of violence.[1]

        Although Green did not raise any complaints about his lawyers before or during trial, in the months following the jury's guilty verdict he began alleging that he had received ineffective assistance of counsel at trial. (See, e.g., June 18, 2019 Mot. For Stay/Continuance (Dkt. No. 699); June 24, 2019 Mot. For Stay/Continuance (Dkt. No. 680); July 18, 2019 Notice of Intent to Discharge Counsel and Mot. for Continuance (Dkt. No. 701); Green Sentencing Mem. (Dkt. No. 760)) In this Order, the Court considers whether Green's ineffective assistance

---

[1] The evidence at trial is discussed in detail in this Court's memorandum opinion and order addressing the Defendants' post-trial motions. See United States v. Johnson, (S5) 16 Cr. 281, 452 F. Supp. 3d 36 (S.D.N.Y. 2019).

of counsel claim should be heard now or addressed later in connection with a petition under 28 U.S.C. § 2255.

## BACKGROUND

On April 25, 2019 – after the jury's guilty verdict – Green moved for a judgment of acquittal or a new trial pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure. (Green Mot. (Dkt. No. 639)) These motions were filed by trial counsel: Eric Breslin and Melissa Geller of Duane Morris LLP.

Soon after counsel filed post-trial motions on Green's behalf, he began submitting numerous pro se letters and applications to the Court concerning a variety of issues. (See, e.g., May 23, 2019 Am. Decl. (Dkt. No. 665); May 29, 2019 Green Ltr. (Dkt. No. 667); June 18, 2019 Mot. For Stay/Continuance (Dkt. No. 699); June 24, 2019 Mot. For Stay/Continuance (Dkt. No. 680); July 17, 2019 Green Ltr. (Dkt. No. 696); July 18, 2019 Notice of Intent to Discharge Counsel and Mot. for Continuance (Dkt. No. 701)) For example, in a May 23, 2019 "amended declaration," Green analyzes the testimony of the Government's witnesses and argues that the evidence offered at trial does not establish his guilt. (May 23, 2019 Am. Decl. (Dkt. No. 665))[2] He also cites alleged inconsistencies between the witnesses' testimony and their Section 3500 material. And Green complains that his lawyers have not incorporated his "issues" in their post-trial motions. (Id. at 8)

In a June 24, 2019 pro se motion (Dkt. No. 680), Green requests that his sentencing date be adjourned so that he "can be relieved of the prejudices suffered by his attorney's failure to address all relevant meritorious claims in his Rule 29 and 33 Pleadings; and,

---

[2] Copies of some of Mr. Green's letters were filed multiple times. For example, his May 23, 2019 letter appears twice. (Dkt. Nos. 665, 808) To the extent that an identical copy of Mr. Green's submissions has been filed multiple times, the lowest docket number is referenced here.

so that Mr. Green can be provided with a meaningful opportunity to be heard with respect to all of his meritorious Rule 29 and 33 claims." (Id. at 1)  Green complains that trial counsel failed to raise "several meritorious issues and arguments that [Green] wants his attorney[s] to raise." (Id.)

On July 18, 2019, Green submitted pro se motions stating that he wishes "to discharge his Counsel in this matter" and to proceed pro se. (July 18, 2019 Notice of Intent to Discharge Counsel and Mot. for Continuance (Dkt. No. 701) at 1)  Green states that "his current counsel has been ineffective in his assistance in many areas." (Id. at 2)  Green subsequently retained Zoe Dolan to represent him.  She filed a notice of appearance on July 22, 2019. (Dkt. No. 690)

At a July 25, 2019 conference, Green confirmed that he wanted to discharge his trial counsel – Breslin and Geller – and to proceed with Zoe Dolan as his lawyer. (July 25, 2019 Conf. Tr. (Dkt. No. 845) at 6)  The Court granted Green's application, and at Green's request, adjourned sentencing to October 31, 2019. (See July 25, 2019 Order (Dkt. No. 705))

In a September 17, 2019 memorandum opinion and order, this Court addressed the April 25, 2019 post-trial motions that had been filed by Green's trial counsel. United States v. Johnson, 452 F. Supp. 3d 36, 43 (S.D.N.Y. 2019).  This Court rejected Green's sufficiency challenges to (1) his conviction for trafficking in crack cocaine and marijuana;[3] and (2) his Section 924(c) conviction for using, carrying, and possessing a firearm during and in relation to, and in furtherance of, the charged narcotics conspiracy.  Johnson, 452 F. Supp. 3d at 74-77.[4]

---

[3] Green did not challenge his narcotics conspiracy conviction to the extent it was premised on heroin trafficking.  Johnson, 452 F. Supp. 3d at 77 n.38.

[4] In light of United States v. Davis, 139 S. Ct. 2319 (2019), this Court vacated the jury's finding that the charged racketeering conspiracy – Count One of the S5 Indictment – constitutes a "crime of violence." Id. at 71-73.  This ruling had no practical effect on Green, however, because the jury had found that the Government had not proven beyond a reasonable doubt that Green had used or carried firearms during and in relation to, or in furtherance of, the charged racketeering

3

On September 23, 2019, Green's new counsel – Zoe Dolan – moved for reconsideration of this Court's September 17, 2019 opinion and order. (Mot. for Reconsideration (Dkt. No. 746)) That motion remains pending.

A day before Green's scheduled October 31, 2019 sentencing, this Court received a pro se submission from Green entitled "Mr. Green's Sentencing Memorandum." (Dkt. No. 760)[5] In this submission, Green claims that he received ineffective assistance from trial counsel. According to Green, trial counsel failed to communicate with him concerning plea discussions with the Government and filings with the Court. (Id. at 3, 9) Green also complains that counsel failed to investigate; improperly entered into certain stipulations with the Government during trial; failed to move to suppress certain evidence; and made incorrect statements in the opening statement. (Id. at 8-10) Green further asserts that the Government "fabricated a case" against him and that certain evidence should not have been admitted. (Id. at 1)

On October 31, 2019, this Court adjourned the scheduled sentencing and conducted a conference to discuss Green's allegations. The Court noted that Green's allegations "are different from arguments that were made in Mr. Green's first set of pretrial motions. They are also different than arguments that Ms. Dolan made in a second series of posttrial motions." (Oct. 31, 2019 Conf. Tr. (Dkt. No. 843) at 2) At the October 31, 2019 conference, Dolan raised concerns about the ineffective assistance of counsel claims set forth in Green's October 30, 2019 pro se submission, noting that she had been retained for purposes of sentencing. (Id. at 6-7)

---

conspiracy. (Verdict (Dkt. No. 570) at 8) Green's Section 924(c) conviction was premised on his use, carrying, or possession of firearms in furtherance of the charged narcotics conspiracy. (Id.)

[5] The "Sentencing Memorandum" is undated; the Court received Green's letter on October 30, 2019, and emailed it to the parties on October 31, 2019.

Dolan suggested at the conference and in several subsequent letters that Green would proceed pro se on his ineffective assistance claims, and she asked the Court to conduct a hearing pursuant to Faretta v. California, 422 U.S. 806 (1975) to delineate her responsibilities and the claims that Green would pursue pro se.  (Id. at 6-7; Oct. 31, 2019 Dolan Ltr. (Dkt. No. 758); Nov. 7, 2019 Dolan Ltr. (Dkt. No. 767); Nov. 22, 2019 Dolan Ltr. (Dkt. No. 777))

In a pro se submission dated November 22, 2019, Green stated that he wished to "represent himself" or to proceed pro as "Co-Counsel" to pursue the arguments made in his October 30, 2019 submission.  (Nov. 22, 2019 Mot. To Proceed in Propia Persona (Dkt. No. 816) at 1, 2 ("Mr. Green will be filing his Brief himself."))

In a December 6, 2019 pro se submission, Green asserted that his new lawyer – Zoe Dolan – had provided ineffective assistance of counsel.  (Dkt. No. 819)  According to Green, Dolan never "inform[ed] [him] that [he] could file the [ineffective assistance of counsel] or other Sentencing Memorandum Claims in a Rule 33, nor did she inform me that it would be discretionary as for the District Court's decision to hear such."  (Id.)  Dolan instead told Green that the claims made in his "Sentencing Memorandum" "were something that should be filed in a 2255 pleading."  (Id.)

In subsequent letters, both Green and Dolan urged this Court to relieve Dolan.  Dolan argued that Green's claims against her created a conflict of interest that made it impossible for her to continue.  (Feb. 26, 2020 Dolan Ltr. (Dkt. No. 852); Aug. 13, 2020 Dolan Ltr. (Dkt. No. 883))  Green likewise contended that Dolan should be relieved.  (June 19, 2020 Green Ltr. (Dkt. No. 894))

At a November 17, 2020 conference, Dolan renewed her application to be relieved, and Green renewed his accusations that Dolan had provided him with ineffective

5

assistance of counsel.  Green stated that he intends to pursue ineffective assistance of counsel claims against both his trial counsel and Dolan.  (Nov. 17, 2020 Conf. Tr.)  This Court granted Dolan's application to withdraw.  Green initially insisted that he would proceed pro se, but eventually agreed – after the Court's urging – to the appointment of stand-by counsel pursuant to the Criminal Justice Act.  (Id.; Nov. 17, 2020 Order (Dkt. No. 906))

## DISCUSSION

District courts have the discretion to consider ineffective assistance of counsel claims prior to the entry of judgment.  See United States v. Brown, 623 F.3d 104, 113 (2d Cir. 2010); see also United States v. Fleurimont, 401 F. App'x 580, 582-83 (2d Cir. 2010).

> [W]hen a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding.  We are mindful that district courts face competing considerations in deciding whether it is appropriate to inquire into the merits of such claims prior to judgment, including principally the potential disruption of the proceedings, especially if the attorney against whom the complaint is directed continues at the time to represent the defendant.  The decision to interrupt the pre-judgment proceedings to inquire into the merits of an ineffective assistance of counsel claim may depend on, among other things, whether the court would need to relieve the defendant's attorney, or in any event, to appoint new counsel in order to properly adjudicate the merits of the claim.

Brown, 623 F.3d at 113.  The "proper procedural avenue for defendants who wish to raise ineffective assistance of counsel claims after conviction but prior to sentencing is a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33."  Id. at 113 n.5; see also United States v. Thornhill, 34 F. Supp. 3d 334, 359-60 (S.D.N.Y. 2014), aff'd, 667 F. App'x 310 (2d Cir. 2016); United States v. Rivera, No. 09-CR-619 SJF, 2013 WL 2627184, at *3 (E.D.N.Y. June 11, 2013), aff'd, 799 F.3d 180 (2d Cir. 2015).

Green has brought ineffective assistance of counsel claims against his trial counsel – Eric Breslin and Melissa Geller – as well as their replacement, Zoe Dolan. These lawyers no longer represent Green in any capacity.

Although this Court is sensitive to the issue of permitting an "end-run" around Rule 33 by allowing for Rule 33-type claims to be raised by a defendant after the fourteen-day period provided by Rule 33, see Rivera, 2013 WL 2627184, at *3, there are compelling reasons to consider Green's ineffective assistance claims now.

Green's trial consumed five weeks, involved twenty-one witnesses, and presented a number of complex factual and legal issues. Having presided over the trial and having issued a sixty-four page decision concerning the Defendants' post-trial motions, this Court is familiar with the evidence and the related legal issues. Moreover, it is more efficient to hear from Green's former lawyers now concerning the issues he raises, while pretrial events and the trial itself are somewhat fresh in their minds. Accordingly, this Court will consider Green's ineffective assistance of counsel claims prior to sentencing.

In order to address Green's ineffective assistance of counsel claims, it will be necessary for this Court to hear from his former lawyers – Eric Breslin, Melissa Geller, and Zoe Dolan – regarding Green's allegations. In seeking a new trial and other relief based on alleged ineffective assistance of counsel, Green has implicitly waived the attorney-client privilege as a matter of law to the extent that his arguments rely on advice from or communications with Breslin, Geller, or Dolan. See In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000) ("[I]mplied waiver may be found where the privilege holder 'asserts a claim that in fairness requires examination of protected communications.'" (quoting United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[T]he attorney-client privilege cannot at once be used as a

7

shield and a sword.")))); accord Giordano v. United States, No. 3:11cv9 (MRK), 2011 WL 1831578, at *2 (D. Conn. Mar. 17, 2011) ("A [defendant] who asserts a claim of ineffective assistance of counsel by his or her former lawyer implicitly waives the protection of the attorney-client privilege as to that aspect of the former lawyer's representation for which the prisoner claims ineffective representation."). Absent a court order or informed consent, however, ethical concerns may inhibit a lawyer from disclosing confidential information relating to a prior client. See, e.g., ABA Comm. on Ethics and Pro. Resp., Formal Op. 10-456 (2010) (Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim).

Accordingly, in order proceed with his ineffective assistance of counsel claims, Defendant Green must execute the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. Defendant Green is also directed to set forth all of his allegations concerning Breslin, Geller, and Dolan's advice and conduct in the form of an affidavit. Both the waiver form and the affidavit must be submitted to this Court no later than December 9, 2020.

Dated: New York, New York
      November 19, 2020	SO ORDERED.

*Paul S. Gardephe* (signature)

_____
Paul G. Gardephe
United States District Judge