TRULINCS 56400054 - GREEN, BRANDON - Unit: BRO-G-A

----------------------------------------------------------------------------------

FROM: 56400054
TO:
SUBJECT: Cover Letter
DATE: 11/10/2020 12:13:00 PM

To: Clerk of Court, SDNY

From: Brandon Green Reg. No. 56400-054

Re: Case No. 16 Cr. 281

Date: November 10, 2020

COVER LETTER TO EXHIBITS

To The Honorable Clerk of this Court:

Sent herewith this Cover letter are my Exhibits to my Addendum to the Presentence Report previously filed by me in this matter. I did not file these Exhibits with the Addendum at the time of filing, and now ask that you please file them in the Docket for this Case as Exhibits thereto. (Please note that there are three Exhibits here, Exhibits "A", "B", and "C".

Thank you.

Sincerely,

_____
Brandon Green 56400-054

GREEN, Brandon
Reg. No. 56400-054
Appeal No. 988509-R1
Page One

## Part B - Response

You appeal the May 8, 2019 decision of the Discipline Hearing
Officer (DHO) at MDC Brooklyn finding you committed the
prohibited act of Possession of a Weapon, Code 104, Incident
Report No. 3248475. You deny committing the prohibited act, and
request the Incident Report be expunged.

A review of your appeal reveals questions concerning the
disciplinary process. Accordingly, this disciplinary action is
being remanded for further review and rehearing, if necessary.
You will be notified of the date and time of any further
proceedings. After further proceedings, you may appeal again to
this office, if you desire. To the extent above, your appeal is
partially granted.

Date: October 1, 2019

J. RAY ORMOND
Regional Director

*Exhibit A*

BP-A0288
JAN 17

## INCIDENT REPORT

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

### Part I - Incident Report

| 1. Institution:   MDC BROOKYLN | | Incident Report Number:   3248475 |
|---|---|---|

| 2. Inmate's Name:<br>Green, Brandon | 3. Register Number:<br>56400-054 | 4. Date of Incident:<br>4/23/2019 | 5. Time:<br>4:10 AM |
|---|---|---|---|

| 6. Place of Incident:<br>G-42 | 7. Assignment:<br>Unassigned | | 8. Unit:<br>G |
|---|---|---|---|

| 9. Incident:<br>Possession of a sharpened instrument used as a weapon | 10. Prohibited Act Code(s)<br>104 |
|---|---|

11. Description of Incident (Date: 4/23/2019  Time: 4:10 a.m. Staff became aware of incident):

On Tuesday, April 23, 2019 at approximately 4:10 AM, while conducting a pat search of Inmate Green, Brandon Reg. #56400-054 a sharpened flat metallic instrument wrapped in black electrical tape approximately one inch in length was recovered in the right pocket of Inmate Green, Brandon's sweat pants. Operations Lieutenant was notified.

| 12. Typed Name/Signature of Reporting Employee:<br>A. Bolt | 13. Date And Time:<br>4/23/2019   5:30 AM |
|---|---|

| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature): | 15. Date Incident Report Delivered:<br>4/26/19 | 16. Time Incident Report Delivered:<br>1057 |
|---|---|---|

### Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident:

18. A. It is the finding of the committee that you:

_____ Committed the Prohibited Act as charged.
_____ Did not Commit a Prohibited Act.
_____ Committed Prohibited Act Code(s). _____

B. _____ The Committee is referring the Charge(s) to the DHO for further Hearing.

C. _____ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

21. Date and Time of Action: _____ (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

Chairman (Typed Name/Signature)          Member (Typed Name)          Member (Typed Name)

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO; COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

WD                          Prescribed by P5270                          Replaces BP-A0288 of AUG 11



**POLICE DEPARTMENT**
**Office of Deputy Commissioner,**
**Legal Matters**
**One Police Plaza, Room 1406A**
**New York, New York 10038**
**FOILAppeals@NYPD.org**

December 11, 2019

Anthony Posada
The Legal Aid Society
aposada@legal-aid.org

RE:   **FREEDOM OF INFORMATION LAW**
**REQUEST: FOIL-2019-056-20799**
**Re: Brandon Green**

Dear Mr. Posada:

This letter is in response to your letter dated December 3, 2019, appealing the determination of the Records Access Officer made on November 20, 2019 regarding records requested from the New York City Police Department. Your request, made pursuant to the Freedom of Information Law, was originally received by the FOIL unit on November 18, 2019 and subsequently denied pursuant to Public Officers Law Section 87(2)(e)(iv).

Your appeal is as legal representative of Mr. Brandon Green regarding his FOIL request for "all records relating to myself that were used, stored, shared and maintained to classify me as a gang member or associate in the gang membership database." Included with your appeal is a notice of appearance confirming the representation of Mr. Green by the Legal Aid Society.

Your appeal provides identifying information for Mr. Green including his date of birth and home address. Accordingly, a diligent search was conducted for records responsive to your request; however, Mr. Green is not documented in the database as of this writing. Therefore, there are no records responsive to your request as there are no existing records related to Mr. Green that were ever used, stored, shared and maintained to classify him as a gang member or associate in the gang membership database.

Furthermore, were Mr. Green ever listed in the database at any time, the criteria for his inclusion would not have – and does not currently – include the review, analysis or use of any Department records related to the individual; rather, the criteria for activation onto a group list is based on a variety of investigative methods, the disclosure of which would reveal non-routine criminal investigative techniques or procedures [§87(2)(e)(iv)].

Additionally, you assert that the process through which individuals are added to the database has been made public via the City Council testimony of Chief Shea and, therefore, that the disclosure of records would not reveal non-routine techniques. A distinction must be made,

COURTESY • PROFESSIONALISM • RESPECT

however, between the criteria used (as described by Chief Shea and transcribed in your appeal letter) and the investigative techniques that are used (and described in NYPD records) to ascertain whether the criteria is applicable to the individual. As stated above, the criteria for activation is based on – or deduced from – a variety of investigative techniques or procedures that are not one and the same with the criteria made public by Chief Shea. Therefore, to the extent that the database includes information about – and descriptions of – these techniques or procedures, the records are exempt from disclosure.

In summary, Mr. Green is not listed in the Criminal Group Database so there are no records maintained by this Department that are responsive to your request. If he was at any time listed in the database, it would not be as a result of any Department records related to him. Finally, the database includes information regarding investigative techniques or procedures utilized by investigators to ascertain whether the criteria used for entry into the database is applicable.

You may seek judicial review of this determination by commencing an Article 78 proceeding within four months of the date of this decision.

Respectfully,

Jordan S. Mazur
Sergeant
Records Access Appeals Officer

c:  Committee on Open Government

COURTESY • PROFESSIONALISM • RESPECT

VLADECK, RASKIN & CLARK, P.C.

SUSAN J. WALSH
212-403-7300
SWALSH@VLADECK.COM

## Attorney Client Confidential Communication

November 29, 2017

Brandon Green   56400-054
MCC
150 Park Row
New York, New York 10007

Dear Brandon:

Enclosed are copies of the Prior Felony Information in your case and in your co-defendant's case; Saeed Kaid.

As I tried to explain to you today and as I also wrote to you on November 16th your prior felonies are different for purposes of the filing. Kaid's case that was the basis for the prior "felony" information involves a conviction for Criminal Sale of a Controlled Substance in the 5th Degree under NY **state** law.   Your prior felony is the December 4, 2006 **federal** drug conspiracy in front of Judge Sweet.

The nolle prosecution (essentially withdraw) of the §851 for your codefendant Saeed is based on the fact that the prior is for a NY CSCS in the 5th conviction.  That is because there is a very strong argument that it no longer qualifies as a controlled substance offense under the federal system based on a difference in the definitions in state and federal laws. There is a complicated legal basis for this that I tried to lay out for you in great detail in the November 16th letter.

Unfortunately, your prior is for a prior federal drug conspiracy conviction which does qualify. So you are in a different place than your codefendant as a result.  Although you also have a prior CSCS in the 5th degree, unfortunately that was not the only prior felony you had and it is not the one relied on by the Government when they filed the Prior Felony Information against you.   The new proposed plea agreement is for the same drug weight as the first, only under this new one you are no longer a Career Offender but instead a Criminal History III.

Sincerely,

Susan J. Walsh

Encl.

565 FIFTH AVENUE, 9TH FLOOR, NEW YORK, NEW YORK 10017 • (P) 212-403-7300 • (F) 212-221-3172