To: Honorable Paul G. Gardephe, U.S.D.J. - SDNY

From: Brandon Green, Reg. No. 56400-054

Defendant, Pro Se

cc: AUSA Jessica Feinstein

Re: Case No. 16 Cr. 281-002 (PGG)

Date: January 15, 2021

MR. GREEN'S WRITTEN OBJECTIONS TO THE COURT'S ORDER DATED: NOVEMBER 19, 2020

The Defendant in this Case, Brandon Green, Hereby Respectfully Submits these Written Objections to this Court's Order Dated, November 19, 2020, to memorialize these issues for the record. Below are the following objections that Mr. Green wishes to make:

1. Mr. Green has been complaining about Trial Counsel(s) (the attorneys, Eric R. Breslin, and, Melissa S. Geller), prior to trial, during trial, and after trial was over;

2. This Court should be familiar with some of Mr. Green's complaints, especially his dissatisfaction with Mr. Breslin's and Ms. Geller's Rule(s) 29 and 33 submissions;

3. Mr. Green tried to put the Court on notice about his dissatisfaction of Trial Attorneys performance, including their written materials like the Rules 29 and 33 submissions, by submitting a document titled: Supplemental Declaration in Support of the Rule(s) 29 and 33 Motions (hereafter "the Supplemental Declaration"), dated May 23, 2019;

4. Mr. Green swore, under penalty of perjury, to the Supplemental Declaration before submitting it to the Court's;

5. Mr. Green raised a myriad of issues inside of his sworn Supplemental Declaration; among other things was his dissatisfaction with Trial Counsel(s) written submissions without first going over such with him, and for not raising arguments that he asked to be raised (including, among other things, arguments of ineffective assistance of counsel (IAC)and prosecutorial misconduct);

6. Mr. Green is not surprised that the Court does not go into much detail about his Supplemental Declaration, and moreover the issues raised therein, in its November 19, 2020 Order; for example, the Court fails to mention Mr. Green's request to look into the Disposition of the 2010 Traffic Stop, and ignored his claims of perjury of star witness, CW-Michael Adams, and also for government and prosecutorial misconduct (that the investigator lied to the Grand Jury here);

7. In the Supplemental Declaration Mr. Green challenged, inter alia, the weight of the evidence, prosecutorial misconduct, IAC, perjury, and the Narcotics Conspiracies (Cocaine, Heroin, Crack, & Marijuana);

8. Ms. Dolan was hired to represent Mr. Green after he relieved Trial Counsel because of the issues he was having with them, which were known to the Court, to include his dissatisfaction with Trial Counsel(s) Rule(s) 29 and 33 submission (something Ms. Dolan even stated at the substitution hearing);

9. However, before Mr. Green and or Ms. Dolan could amend/supplement Trial Counsel(s) submissions in this Case, the Court prematurely ruled on Mr. Breslin's and Ms. Geller's Rule(s) 29 and 33 submission; the same submission that the Court knew that Mr. Green was not satisfied with--this was highly prejudicial;

10. Moreover, had this Court allowed Ms. Dolan to amend/supplement the Rule(s) 29 and 33 submissions, Mr. Green's convictions would have been vacated, and he would no longer be wrongfully imprisoned today;

11. Furthermore, for some strange reason Mr. Green's Supplemental Declaration was not uploaded to Mr. Green's Docket until January 8, 2020; after his Rule(s) 29 and 33 submission was already denied by the Court;

12. However, the Court should have given Ms. Dolan and Mr. Green an opportunity to amend/suppress the Rule(s) 29 and 33 submission

Respectfully Submitted,

_____

Brandon Green Reg. # 56400-054

Defendant, Pro Se

