UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

UNITED STATES OF AMERICA,

Plaintiff,

-against-

BRANDON GREEN,

Defendant, Pro Se.

-----------------------------------------------------X

Case No. 16 Cr. 281 (PGG)

. MOTION FOR EXTENSION OF TIME

I. Introduction

      The defendant, Brandon Green (hereafter "Mr. Green"), Pro Se, hereby respectfully submits this motion to move this Honorable Court for more time to respond to its Orders for Mr. Green to submit to this Court, by February 9, 2021, the signed attorney-client privilege waiver form, and an affidavit of facts regarding Mr. Green's claims of, inter alia, ineffective assistance of counsel (IAC) and other claims; and, in support of this motion, Mr. Green does hereby aver to the following:

.

II. Conclusion

For Mr. Green to be afforded an adequate and meaningful opportunity to be heard regarding his claims relating to the violations of his rights, this Court should issue an Order granting him an extension of time to submit those claims.

III. Facts and Reasons Supporting Request

1. This Court has currently set a deadline of February 9, 2021, for Mr. Green to submit, among other things, his claims relating to his issues with his previous attorneys, and moreover, the violations of his rights that have occurred here;

2. These claims primarily involve Mr. Green's trial lawyers, the attorneys Eric R. Breslin and Melissa S. Geller, of the law firm Duane Morris (hereafter collectively referred to as "trial counsel");

3. As this Court is aware, Mr. Green has been trying to address these claims for well over a year, and a lot of the reason for the delay has been because Mr. Green has been without information necessary to establish and argue his claims--specifically, Mr. Green has been and currently still is without trial counsels client file;

4. Recently, on or about January 4, 2021, Mr. Green did receive from the attorney Steven Witzel, a copy of the client file for Zoe Dolan, who Mr. Green's family hired for sentencing; however, missing from this information was the client file for trial counsel;

5. Ms. Dolan, in her letter to Mr. Witzel dated, January 4, 2021, states that the client file that she received from trial counsel either had a virus on it, and or, it contained no readable date;

6. Moreover, in the letter Mr. Witzel sent to Mr. Green with Ms. Dolan's client file, Mr. Witzel informed Mr. Green that missing from the information sent to him by Ms. Dolan was the USB containing trial counsels client file, which Mr. Witzel stated did not contain any readable data (paraphrasing letter from Mr. Witzel to Mr. Green dated, January 4, 2021);

7. Mr. Green is currently trying to obtain trial counsels client file on his own;

8. On or about January 22, 2021, Mr. Green sent a letter to trial counsel stating that he needed to be provided with a working copy of their "client file" so that he can meet this Court's February 9, 2021 deadline; moreover, he stated therein that if this information is not sent to him within five (5) days of receipt of his letter, then he will be forced to seek a lawsuit and file appropriate complaints with,

among other places and organizations, the American Bar Association (ABA), against trial counsel and the law firm of Duane Morris;

9. In the meantime Mr. Green is still doing and will continue to do everything he can to complete his Affidavit of Facts and supporting accompanying petition alleging his claims regarding his contentions that he was wrongfully convicted here; however, he cannot be expected to be able to adequately prepare these claims without the client file from trial counsel, as well as the other information that he has and continues to seek;

10. Furthermore, Mr. Green contends that it is likely that Trial Counsel is not handing over this information because it supports Mr. Green's contentions that his rights were severely violated in this Case (and therefore it is so important that he receives this info);

11. This is not the first time Mr. Green has asked for this information either from the Court, the Government, and trial counsel, among others;

12. Mr. Green argues that he cannot adequately address his complaints regarding Trial Counsel if he's impeded any further in his attempts to obtain trial counsels client file; and, he feels that this Court has a duty and obligation to compel trial counsel to provide Mr. Green with their client file, regardless of how this Court may feel about the quality of their representation:

THE COURT: …. I will say that I think both Mr. Breslin and Ms. Geller have performed admirably throughout their entire representation of Mr. Green, both in terms of their in-court performance as well as in their written materials. So I think that Mr. Green has been the beneficiary of EXCELLENT REPRESENTATION up to now.

Transcripts' of July 25, 2019, Substitution Conference, Pg.(s) 5-6 (Emphasis Added).

13. Mr. Green contends that trial counsels client file will reveal, inter alia, the crimes committed against him here; that the October, 2018 plea was expired by the time trial counsel conveyed it to him; that he did not deny that plea; that trial counsel lied to and misled him and the Court; and, that trial counsel allowed the Government to deny his rights and wrongfully convict Mr. Green, and at times assisted in their efforts to do so;

14. The claims that Mr. Green is raising here are serious, and the Court here should be doing everything in its power to help him in bringing forth these claims;

15. Clearly, Mr. Green should be given an Extension of Time to submit his Affidavit of Facts here, so that he can first obtain and review trial counsels client file, and the rest of the information that he has and continues to seek;

16. Moreover, Mr. Green contends that there are more reasons than just not having the client file that warrant the granting of an Extension of Time here; and, he is submitting these things to this Court to not only support this request, but also for the purposes of an appeal if his request is denied--to show that such a denial, in light of these things, is arbitrary, and an abuse of discretion;

17. This is also not the first time that Mr. Green has informed this Court that he needs information like the client file; and, that he needs additional time so that he can obtain these things before filing his claims attacking his conviction(s);

18. Mr. Green submits that he's submitted several letters to this Court, the Government, and his previous attorneys, over the past few months, informing everyone that he is still without much needed information, such as trial counsels client file, see, e.g., Mr. Green's Letter to AUSA Jessica Feinstein, titled: Request For Compliance With 'Judge's Orders': Why The Prosecution Should Furnish Mr. Green with the Information Requested Herein; And, Why They Are Legally and Ethically Obligated To" (wherein Mr. Green sought from the Prosecution information needed to assist with establishing his claims raised post-conviction; for instance, he sought emails between the prosecution and trial counsel, which Mr. Green feels he has a right to regardless of the information's admissibility in Court, because it is likely, at the very least, that this information would lead to admissible and or exculpatory information and evidence, see McKithen v. Brown, 565 F. Supp. 2d 440 (2d. Cir. 2008) (given a prosecutor's duty to seek justice requires disclosure of evidence the erroneous deprivation of which would deprive a defendant of a fair trial, and that the prosecutor's duty to seek justice survives in some form after conviction, this duty requires disclosure of evidence the erroneous deprivation of which would deprive a prisoner of a meaningful access to courts); also see, Ortiz v. Case, 2018 U.S. Dist. LEXIS 85044 (2d Cir. 2018) (prosecutors had within their advocacy function the continuing ethical obligation to disclose exculpatory information discovered post-conviction and the duty to correct an erroneous conviction) (Excerpt Therefrom)(Internal Citation and Quotations Omitted);

19. In early January, 2021, Mr. Green sent a bond application, dated January 4, 2021 (hereafter "the Bond Application") to this Court and the Government, wherein he maintained to this Court that as long as he remains in MDC during this Global Pandemic, he will continue to be hindered in his abilities to work on his case;

20. In the bond application Mr. Green informed this Court that he is still without the information he seeks from the Government and trial counsel, so that he can perfect his claims; and, he explained how the law library was shut down, and inmates are for the most part confined to their respective cells;

21. In letters dated December 4, 2020, and January 6, 2021, Mr. Green also informed this Court that MDC is on lockdown due to a Coronavirus outbreak at the institution. This lockdown has been publicized all over the News, and it has and continues to severely impede Mr. Green's efforts to work on his case;

22. To Mr. Green's surprise, it appears that this court is receiving these Letter(s), but is not uploading them to his docket--and this causes Mr. Green much concern (this even prompted Mr. Green to file a complaint(s) with the Clerk of this Court, which was filed and uploaded; however, those Letters mentioned above still are not);

23. Mr. Green is now writing to inform this Court that he is still WITHOUT trial counsels client file, and does not have all the documents and other information that he has requested from the Government, inter alios;

24. Furthermore, Mr. Green needs this Court to know that MDC is still on lockdown due to the massive coronavirus issues here and in the rest of the world; and, there is no indicating when this lockdown will end;

25. During the lockdown, "effective Saturday, January 16, 2021", inmates at MDC are "secured in [their] assigned cells/quarters for precautionary reasons", quoting notice to the inmate population flyer, from M.D. Carvajal, Director, Federal Bureau of Prisons;

26. This lockdown poses great difficulty to Mr. Green's abilities to meet this Court's current deadline of February 9, 2021;

27. As this Court is aware, Mr. Green is proceeding Pro Se in this matter, and while this lockdown is in place, the law library at MDC is not even open--this makes working on his case extremely difficult;

28. Moreover, it does not appear as though this lockdown will be over any time soon; MDC has remained on lockdown for nearly a year, with there being only a few short periods of time throughout this past year that inmates have been allowed out of their assigned cells for more than an hour at a time;

29. For now, Mr. Green continues to do the best the he can with what resources he has; however, he feels severely prejudiced in his abilities to argue his claims without the information he seeks;

30. In addition to the Law Library being closed during the Coronavirus caused lockdown, Mr. Green cannot access a type-writer right now, and, even if he could, he could not use it because the institution has not sold type-writer ribbons here for nearly six (6) months (the Inmate Commissary throughout this pandemic has been extremely limited due to vendor issues and other problems caused by the Coronavirus);

31. In the meantime, Mr. Green has and continues to be forced to improvise; since there is no typewriter, Mr. Green must type up all legal documents on the personal computers located in the dayroom in his Housing Unit;

32. The issues faced by being forced to type up his legal documents this way are that: he can only use a paid messaging service, so it costs money for him to type, edit, and even to print of his documents; moreover, this is not a word processor, so he cannot do things like copy or paste;

33. Needless-to-say, Mr. Green does not have the same advantages as this the Government when it comes to legal resources--he is very limited; for instance, there are only four (4) computers, but nearly a hundred inmates, and you can only access the services on the computer for a maximum of one (1) hour, before having to log off, to wait another one (1) hour before you are allowed to log back on (this process is extremely time consuming); and, moreover, the Institution currently is without any paper for the printers;

34. Furthermore, regarding the information Mr. Green has received from Mr. Witzel, such as Ms. Dolan's Client File and some of the Law Enforcement 3500 Materials, Mr. Green contends that he just recently received this information within the past week, and it consists of thousands of pages of documents; ergo, Mr. Green argues that he will need more time to look over all of these things so that he can adequately prepare his claims;

35. Therefore, while Mr. Green waits out this Coronavirus Pandemic lockdown at MDC, and while he awaits for trial counsels client file, and the other documents and information he seeks, he submits that and Extension of Time should be given for him to meet this Court's deadline of February 9, 2021;

36. To deny Mr. Green this request, considering the aforementioned information, would be arbitrary, and a clear abuse of discretion.

IV. Relief Sought

WHEREFORE the defendant, Brandon Green, for the reasons contained herein, respectfully PRAYS that this Honorable Court issue an Order extending the time for Mr. Green to respond to the Court's February 9, 2021, deadline, for him to submit his affidavit of facts supporting, inter alia, his claims against the Attorney(s) Eric R. Breslin, and Melissa S. Geller; specifically, Mr. Green would respectfully request that this Court grant him an additional sixty (60) days here; however, in the alternative, Mr. Green asks this Court to Grant him whatever amount of time it deems fair and just.

WHEREFORE, the Defendant, Brandon Green, Respectfully PRAYS that this Honorable Court make a ruling on this Motion before the February 9, 2021, Deadline, so that he can better know how to proceed in this matter.

IT IS SO PRAYED On this 25th day of January 2021.

Respectfully Submitted,

_____/S/_____

Brandon Green Reg. # 56400-054

Defendant, Pro Se

MDC - Brooklyn

P.O. Box 329002

Brooklyn, NY 11232

cc: Clerk of Court, SDNY; Office of the AUSA, Jessica Feinstein

## SWORN STATEMENT

I, Brandon Green, DO HEREBY swear under penalty of perjury that the information contained in the foregoing motion is true and correct, to the best of my knowledge, understanding, and belief.

SWORN TO On this 25th day of January 2021.

Signature:

_____/S/_____

Print: Brandon Green