UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-against-

BRANDON GREEN,

                    Defendant.

**ORDER**

(S5) 16 Cr. 281 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

       On March 27, 2019, a jury convicted Defendant Brandon Green of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); narcotics conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count Four); and using, carrying, and possessing firearms during and in relation to, and in furtherance of, the narcotics conspiracy charged in Count Four, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five).  (Verdict (Dkt. No. 570))  The jury's verdict was premised on Green's participation in the Blood Hound Brims, a Bloods gang engaged in large-scale narcotics trafficking and acts of violence.[1]

### I.    GREEN'S RELATIONSHIPS WITH COUNSEL

       After the jury's guilty verdict, Green alleged that he had received ineffective assistance of counsel at trial, and discharged his court-appointed lawyers, Eric Breslin and Melissa Geller, who are partners at Duane Morris LLP.[2]  Green replaced Breslin and Geller with Zoe Dolan, whom he retained.  (June 24, 2019 Mot. For Stay/Continuance (Dkt. No. 680); July 18, 2019 Notice of Intent to Discharge Counsel and Mot. for Continuance (Dkt. No. 701) at 1-2;

---

[1] The evidence at trial is discussed in detail in this Court's memorandum opinion and order addressing the Defendants' post-trial motions.  See United States v. Johnson, (S5) 16 Cr. 281, 2019 WL 4451320 (S.D.N.Y. Sept. 17, 2019).

[2] Breslin and Geller replaced Green's original court-appointed lawyer, Susan Walsh.  Green requested that Walsh be discharged in December 2017.  (Dkt. Nos. 191, 195, 201)

Oct. 31, 2019 Sentencing Mem. (Dkt. No. 760) at 8-10)  At a July 25, 2019 conference, this Court granted Green's application to substitute Dolan for Breslin and Geller.  (July 25, 2019 Conf. Tr. (Dkt. No. 845) at 6; July 25, 2019 Order (Dkt. No. 705))

In a December 6, 2019 pro se submission, Green complained that Dolan had likewise provided ineffective assistance of counsel, (Dkt. No. 819), and later requested that the Court relieve her.  (June 19, 2020 Def. Ltr. (Dkt. No. 894))  At a November 17, 2020 conference, the Court granted Dolan's application to withdraw.  (Nov. 17, 2020 Conf. Tr. (Dkt. No. 913) at 21-22; Nov. 17, 2020 Order (Dkt. No. 906))  Green initially insisted that he would proceed pro se, but eventually agreed – after the Court's urging – to the appointment of standby counsel pursuant to the Criminal Justice Act.  (Id. at 42-43; Nov. 17, 2020 Order (Dkt. No. 906))

On December 9, 2020, Steven Witzel of Fried Frank was appointed to serve as standby counsel.  (Dkt. No. 912)  In a January 6, 2021 letter, Witzel reports that Green "no longer wishes to have us as consulting counsel and wants to proceed pro se on his own."  (Dkt. No. 924)  In a January 6, 2021 letter, Green confirmed that he wishes to proceed without Witzel's assistance.  (Jan. 6, 2021 Def. Ltr. (Dkt. No. 932))

## II.     GREEN'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

In numerous pro se submissions and at a November 17, 2020 conference, Green stated that he wished to pursue ineffective assistance of counsel claims against both his trial counsel and Dolan.  (See, e.g., July 18, 2019 Notice of Intent to Discharge Counsel and Mot. for Continuance (Dkt. No. 701) at 2; Oct. 31, 2019 Sentencing Mem. (Dkt. No. 760) at 3, 8-10; Notice of Intent to Show File IAC and Show Good Cause (Dkt. No. 819); June 19, 2020 Def. Ltr. (Dkt. No. 894); Nov. 17, 2020 Conf. Tr. (Dkt. No. 913) at 12-13)  At the November 17, 2020 conference, the Court explained to Green that "[w]henever a client . . . raises ineffective assistance of counsel claims against their lawyer, that . . . puts into question the communications

that the lawyer and the client had" – communications that would otherwise be subject to the attorney-client privilege. (Nov. 17, 2020 Conf. Tr. (Dkt. No. 913) at 24) The Court further explained that because Green has "put into question the attorney-client relationship that [he] had with Mr. Breslin, Ms. Geller and now Ms. Dolan," it would be necessary for him to waive the attorney-client privilege, so that his former lawyers "can address the issues that [Green has] raised." (Id. at 24-25) The Court informed Green that he would be asked to sign a document "in which [he] waive[s] the attorney-client privilege for purposes of [his] ineffective assistance of counsel claims against [his] former lawyers." (Id. at 46)

    In a November 19, 2020 order, the Court instructed Green to complete the "Attorney-Client Privilege Waiver (Informed Consent)" form appended to the order, and "to set forth all of his allegations concerning Breslin, Geller, and Dolan's advice and conduct in the form of an affidavit." (Nov. 19, 2020 Order (Dkt. No. 907) at 8) The Court's order requires that Green return the executed waiver form and affidavit by December 9, 2020. (Id.) The completed informed consent form was not returned to the Court, and Green did not submit an affidavit concerning his ineffective assistance of counsel claims.

    At a January 5, 2021 conference, Green asserted that he had not received either the Court's November 19, 2020 order directing him to submit the waiver form and affidavit, or the waiver form attached to the November 19, 2020 order. (Jan. 5, 2021 Conf. Tr. (Dkt. No. 929) at 5) Accordingly, the Court directed counsel to send Green a copy of the waiver form and the Court's November 19, 2020 order immediately. The Court also warned Green that the submission of the waiver form and affidavit was a prerequisite to this Court hearing his ineffective assistance of counsel claims, and that if these documents were not submitted, the Court would proceed to sentencing: "If you tell me that you are unwilling to sign the waiver form and to prepare the affidavit, I am telling you we will proceed with your sentencing and you

will raise your ineffective assistance claims in the context of a habeas corpus petition." (Id. at 9) The Court extended the deadline for Green's submission of the executed waiver form and affidavit to February 9, 2021. (Id. at 10)

In a January 5, 2021 order, the Court directed defense counsel and the Government to "to take all steps necessary to ensure that Green receives as soon as possible (1) the waiver form; (2) a copy of the Court's November 19, 2020 Order; and (3) a copy of today's Order." (Jan. 5, 2021 Order (Dkt. No. 923) at 1) The Court reiterated that if Green did not submit an executed waiver form and the affidavit setting forth his claims of ineffective assistance by February 9, 2021, the November 19, 2020 order allowing Green to proceed with his ineffective assistance claims prior to sentencing "will be vacated, and this Court will set a date for sentencing." (Id.)

Defense counsel "sent Mr. Green the Order, the waiver form and a self-addressed stamped envelope with a letter informing him that [counsel] would file the signed waiver on the docket for him if he returned it to [counsel];" the Government also sent these materials to Green. (Jan. 26, 2021 Def. Ltr. (Dkt.No. 936)) Defense counsel confirmed that the package was delivered to the Metropolitan Detention Center, where Green is being held, on January 11, 2021. (Id.) Green confirmed his receipt of the waiver form in a January 17, 2021 letter (Dkt. No. 944), but nonetheless requests an extension of the February 9, 2021 deadline. (Dkt. Nos. 940, 941, 946) The Government opposes Green's application. (Dkt. No. 945) Green's application for an extension of time to submit the executed attorney-client privilege waiver form and the affidavit detailing his claims of ineffective assistance of counsel is denied.

Because Green has not submitted an executed waiver form and has not submitted an affidavit detailing his ineffective assistance of counsel allegations against Breslin, Geller, and Dolan, this Court will not consider his ineffective assistance of counsel claims prior to sentence.

4

This Court's November 19, 2020 order (Dkt. No. 907) is vacated to the extent that it provides otherwise. The Court will proceed to sentencing, and any ineffective assistance of counsel claims will be considered pursuant to a habeas corpus petition.

Green's sentencing will take place on **June 8, 2021 at 12:00 noon** in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. Any further sentencing submissions by the Government are due by April 27, 2021. Any further sentencing submissions on behalf of Green are due by May 25, 2021.

Steven Witzel will remain as standby counsel through sentencing. By May 25, 2021, Witzel will submit an itemized list detailing all of the materials that he has sent to Green. If the Government has also provided materials directly to Green, the Government will submit an itemized list of those materials by April 27, 2021.

Dated: New York, New York
      February 10, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge