To: Clerk of Court, U.S. Dist. Court, SDNY

From: Brandon Green Reg. # 56400-054
Defendant, Pro Se

Re: Case No. 16 Cr. 281--002 (PGG)

Date: February 24, 2021

## NOTICE TO CLERK REGARDING ACCOMPANYING DOCUMENTS

To the Honorable Clerk of this Court:

Please take Notice that I've sent herewith several pleadings which I ask to be filed and uploaded immediately to my Docket. The only thing that is not sent herewith is Exhibit(s) "C" and "D", which goes with the "Index to Exhibits". Those Exhibits will be mailed to the Court separately.

If there are any questions, comments, or concerns, please feel free to contact me and let me know. Thank you and have a wonderful day.

Best Regards,

_____
Brandon Green Reg. 56400-054

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------X

UNITED STATES OF AMERICA,

Plaintiff,

- against -

BRANDON GREEN, et al.,

Defendant, Pro Se.

-------------------------------------------X

Case No. 16 Cr. 281--002 (PGG)

MOTION FOR RECONSIDERATION; AND

SUPPORTING MEMORANDUM [FN 1]

I. Introduction

The Defendant, Brandon Green, Pro Se, Respectfully Submits this Motion For Reconsideration and Supporting Memorandum to move this Honorable Court to Reconsider and set-aside its Order, dated February 10, 2021, vacating it's previous Order, dated November 19, 2020 (hereafter the "Nov. 19 Order) (Doc. No. 907), and, moreover refusing to hear Mr. Green's ineffective assistance of counsel claims prior to sentencing. This Motion is filed under Federal Rules of Criminal Procedure, Rule 60(b), and Local Rule 49.1(d). The information in support of this Motion is:

II. Conclusion

The District Court should set-aside the Court's February 10, 2021 Order, and should move forward with continuing to address Mr. Green's post-conviction claims challenging his conviction(s).

III. Some Relevant Law

~ Federal Rules of Criminal Procedure; Motions for Reconsideration

The Federal Rules of Criminal Procedure do not have a specific provision for motions for reconsideration; however, the Local Criminal Rules for the Southern District of New York does. See Local Criminal Rule, Rule 49.1(d)

~ Local Criminal Rule 49.1 Service and Filing of Motion Papers; Motions for Reconsideration

Local Rule 49.1(d), states, in pertinent part, that:

A Motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion.

~ Reconsideration; Criminal Cases; Civil Standard

The Standard for reconsideration among the civil and criminal rules are largely the same. United States v. Lisi, 2020 U.S. Dist. 49473, 2020 WL 1331955, at *2;

~ Federal Rules of Civil Procedure, Rule 60. Relief from Judgment or Order

Rule 60(b), of the Federal Rules of Civil Procedure Governing reconsideration of a court's prior judgment or order, states:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

 (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

 (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

 (4) the judgment is void;

 (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

 (6) any other reason that justifies relief.

~ Motion for Reconsideration; Excusable Neglect

 The Supreme Court has identified four factors that the court should consider when deciding a claim of excusable neglect: (1) prejudice to the non-moving party, (2) the length of the delay and the impact on judicial proceedings, (3) the reason for the delay and whether the delay was under the control of the moving party, and (4) whether the moving party acted in good faith. Pioneer Inv. Servs. Co. Brunswick Assocs. Ltd. P'Ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 74 (1993);

~ Decision to Grant; Motion for Reconsideration

 Reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Langs, 2020 U.S. Dist. LEXIS 56363 (Decided: April 13, 2020) (Quotations in Original) (Citations Omitted).

## MEMORANDUM IN SUPPORT OF RECONSIDERATION

## UNDER LOCAL RULE 49.1(d)

 Pursuant to Local Rule, Rule 49.1(d), Mr. Green submits this Memorandum to apprise this Court of the grounds supporting this Motion for Reconsideration:

III. The Grounds Supporting this Motion

    A. Some Relevant Facts & Background Information

Mr. Green submits that the relevant facts and background information supporting this Motion for Reconsideration are contained in the accompanying Affidavit of Facts; and, Mr. Green fully adopts and incorporates such herein this Motion.

    B. Argument & Analysis

The District Court should reconsider and set-aside the Feb. 10 Order, and should moreover decide to hear Mr. Green's claims of, inter alia, ineffective assistance of counsel, the facts of which are submitted in the accompanying "Affidavit of Facts" in support of Mr. Green's post-conviction claims (this was sent herewith this Motion). Mr. Green argues that this is necessary in Order to prevent a manifest injustice, and it should also be done in light of the facts Submitted in the accompanying "Affidavit of Facts" in support of this Motion (hereafter the "Supporting Affidavit").

Furthermore, this Court should reconsider and set-aside the Feb. 10 Order on account that it was the result of judicial bias and prejudice harbored by the Judge - who issued it - against Mr. Green. The Judge's bias and prejudice is reflected in the fact that his decision and Order were completely arbitrary and totally unreasonable. Prior to the Feb. 10 Order, Mr. Green had, on many occasions, informed the District Court of the fact that he did not have all the information he needed in order to adequately pursue his IAC - and other - claims, he made it clear that it took a while for him to get the Waiver Form, and, he moreover informed the District Court in a recent Motion for Extension of Time that the Institution (MDC) was out of paper for the printer, thereby preventing him from, inter alia, printing out and moreover completing the Affidavit of Facts in support of his IAC claims. Furthermore, Mr. Green submits that he did submit the Waiver Form in "on time" when he gave it to Institutional Staff for delivery to this Court on February 8, 2021 (one (1) day before it was due). See Sides v. Baldwin, 782 Fed. Appx. 49, 2019 U.S. Dist. LEXIS 31358 (2d. Cir. 2019) (Under the prison mailbox rule, a pro se prisoner's complaint is deemed filed upon its delivery to prison authorities for transmittal to the District Court). Accordingly, the Judge who issued the Feb. 10 Order should have given Mr. Green a grace period, to see if he did in fact file the Waiver Form on time, before the Judge issued said Order--which he has clearly demonstrated that he did.

Either way, considering arguendo that the District Court is not of the opinion that the Judge who issued the Feb. 10 Order was bias and prejudice against Mr. Green, said Order should still be reconsidered and set-aside to prevent a manifest injustice [FN 2], see United States v. Langs, 2020 U.S. Dist. LEXIS 56363 (Decided: April 2020); and/or, because of the fact that the District Court did not wait to see if Mr. Green actually timely submitted the Waiver Form, pursuant to the prison mailbox rule, and, because he could not have submitted the Affidavit of Facts previously because, inter alia, there was no paper for the printer at the institution. See Shrader v. CST Transp. Inc., 70 F. 3d 255, 257 (2d. Cir. 1995) (A motion for reconsideration "will generally be denied unless the moving party can point to controlling

decisions or data the court overlooked--matter, in other words, that might reasonably be expected to alter the conclusion reached by the court).

IV. Relief Sought

WHEREFORE the Defendant, Brandon Green, Pro Se, respectfully PRAYS that this Honorable Court will reconsider and set-aside the Feb. 10 Order, and decide to hear Mr. Green's ineffective assistance of counsel and other claims - prior to sentencing -, raised in the accompanying Affidavit in support of post-conviction claims.

IT IS SO PRAYED on this 23rd day of February 2021.

Respectfully Submitted,

_____/S/_____

Brandon Green Reg. # 56400-054

Defendant, Pro Se

FOOTNOTE(S)

1. Local Criminal Rule 49.1(d) gives a procedure for filing motions for reconsideration in criminal cases, however, such motion must be accompanied by a "Memorandum" giving the grounds supporting the request. See Local Criminal Rule 49.1(d). Mr. Green submits that he has hereby submitted those things to meet that requirement, and he asks that this Court please liberally construe these Pro Se submissions. See Erickson v. Pardus, 551 U.S. 89, 84, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); and see, Harris v. Mills, 572 F. 3d 66, 72 (2d Cir. 2009) (both cases showing that both the United States Supreme Court and Second Circuit require that the Court liberally construe pro se pleadings).
2. 2. Mr. Green argues that the accompanying Affidavit of Facts in support of his IAC and other post-conviction claims demonstrates that his human and civil rights were severely violated in this Case. These concerns raised by Mr. Green are serious and need to be addressed by the District Court now.











USPS Priority Mail Express Flat Rate Envelope

U.S. POSTAGE PAID
PME
BRONX, NY 10461
FEB 26, 21
AMOUNT
$26.35
R2304M114046-96

FROM:
Brandon Green
MDC Brooklyn
P.O. Box 329002
Brooklyn NY 11232

TO:
Clerk of Court
500 Pearl St
New York NY 10007

RECEIVED MAR 01 2021 CLERK'S OFFICE SDNY

Crim. Dkt JR