TRULINCS 56400054 - GREEN, BRANDON - Unit: BRO-G-A

---

FROM: 56400054
TO:
SUBJECT: Motion for Leave to Amend
DATE: 03/13/2021 11:26:44 AM

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT of NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA,
        Plaintiff,

    - against -

BRANDON GREEN, et al.,
        Defendant, Pro se.
-------------------------------------------------X

Case No. 16 Cr. 281

MOTION FOR LEAVE TO AMEND AFFIDAVIT IN SUPPORT
OF MR. GREEN'S POST-CONVICTION AFFIDAVIT

    The Defendant, Brandon Green, Pro Se, hereby Respectfully submits this Motion asking this Honorable Court for leave to Amend his previously filed Affidavit in Support of his Post-Conviction Claims. Mr. Green submits that the proposed Amendments are contained in the accompanying document titled: "FIRST AMENDMENT TO AFFIDAVIT IN SUPPORT OF MR. GREEN'S POST-CONVICTION CLAIMS" (Hereafter the "Post-Conviction Affidavit"); and he contends that such amendments are submitted in good-faith [FN 1], and are necessary to ensure that he receives justice, and that he is relieved of the prejudices associated with the violations of his rights that have and continue to take place in this matter. Therefore, Mr. Green respectfully moves this Honorable Court to grant his leave to Amend his Post-Conviction Affidavit.

SUBMITTED on this /3 day of March, 2021.

                                    Respectfully Submitted,

                                    Brandon Green Reg. # 56400-054
                                    Defendant, Pro Se

FOOTNOTE(S)

---

1. Mr. Green submits that he just recently received the information forming the basis of these Amendments, and that is why he did not raise these issues before.

TRULINCS 56400054 - GREEN, BRANDON - Unit: BRO-G-A

----

FROM: 56400054
TO:
SUBJECT: Amended Post-Conviction Affidavit Page 1
DATE: 03/12/2021 08:15:18 PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT of NEW YORK
-----------------------------------------------X
UNITED STATES OF AMERICA,
          Plaintiff,

Case No. 16 Cr. 281--002

- against -

FIRST AMENDMENT TO AFFIDAVIT IN SUPPORT
OF MR. GREEN'S POST-CONVICTION CLAIMS

BRANDON GREEN, et al.,
          Defendant, Pro Se.
-----------------------------------------------X

I. Introduction

    The Defendant, Brandon Green, Pro Se, Respectfully Submits with this Honorable Court his First Amendment to his Affidavit In Support of his Post-Conviction Claims of, inter alia, ineffective assistance of counsel, and Government and Judicial Misconduct, previously filed in this matter [FN 1]; which he Humbly asks this Court to consider in conjunction therewith when deciding the appropriate relief to Grant here: Which Mr. Green contends is for his conviction(s) to be overturned, with prejudice, and or, he should be granted a new trial. [FN 2] In support of this Affidavit, Mr. Green avers to the following:

II. Facts & Other Relevant Information

1. On or about January 28, 2019, Mr. Green's previous Attorneys, Eric R. Breslin, and Melissa S. Geller [FN 3], filed a letter with the District Court, dated January 28, 2019 (hereafter the "Jan. 28 Letter") (Doc. No. 491), discussing some concerns regarding the alleged seizure of purportedly some cocaine that was allegedly found on Mr. Green during a Traffic Stop that occurred [FN 4] on August 3, 2010 (hereafter the "Traffic Stop");

2. In the Jan. 28 Letter, Trial Counsel asked the Judge to find that the Government's late disclosure of an expert regarding the alleged cocaine allegedly from the Traffic Stop was untimely, and therefore, asked the Judge to preclude the admission of such;

FOOTNOTE(S)

1. Mr. Green will hereafter refer to the previously filed Affidavit in Support of his Post-Conviction Claims as the "Initial Affidavit".

2. Mr. Green submits that he is of the opinion that his rights were so severely violated that the Government should never be allowed to retry this Case--which was not brought in Good-faith, nor with Clean-hands. However, considering arguendo that a new trial is granted, Mr. Green contends that such must be devoid of the injustices that so plagued his first trial here.

3. Mr. Breslin and Ms. Geller will be referred to hereafter collectively as Trial Counsel, unless otherwise referenced by their respective names.

4. Notwithstanding Mr. Green's arguments presented via Mr. Green's Post-Conviction Claims, Mr. Green maintains that he should have been able to take the stand at trial and state, under oath that the Traffic Stop never took place, see First American Corp. v. Al-Nahyan, 2 F. Supp 2d 58 (D.D.C. 1998) (It is clear that Section 160.60 [New York Criminal Procedure Law] operates to allow a person protected by the Sealing Statute, as defined in Section 160.50(1)(d) [...], to truthfully state on an application for employment, OR EVEN UNDER OATH IN A COURT OF LAW, THAT NO ARREST OR PROSECUTION TOOK PLACE) (Quoting Original)(Interpolation Added and Internal Citations Omitted).

TRULINCS 56400054 - GREEN, BRANDON - Unit: BRO-G-A

----

FROM: 56400054
TO:
SUBJECT: Amended Post-Conviction Affidavit Page 2
DATE: 03/13/2021 11:52:37 AM

3. In the Jan. 28 Letter, Trial Counsel stated, inter alia, that: We submit this letter in response to the [G]overnment's January 23, 2019 letter regarding the timing of Ashley Kupstow as an expert witness for the [G]overnment. The [G]overnment continues to confuse the central issue, which is the late disclosure of the expert Ashley Kupstow, and her notes about the second round of testing on the drugs ALLEGEDLY seized from Mr. Green in August 2010. They are, of course, JUST ALLEGATIONS, BECAUSE THE CASE AGAINST MR. GREEN WAS DISMISSED AND SEALED BY THE BRONX SUPREME COURT. Quoting Jan. 28 Letter (Emphasis and Interpolation Added); [FN 5]

4. As stated by Mr. Green in person to, and in previous submissions with, this Court, Mr. Green contends that he maintained his innocence to Trial Counsel, and any and all other attorney's who've been assigned to this Case; moreover, Mr. Green submits that at no time did he knowingly, willingly, nor intelligently waive his constitutional or human rights here;

5. Furthermore, Mr. Green submits that despite this, Trial Counsel failed to honor Mr. Green's requests;

6. Moreover, among these failures by Trial Counsel was their stipulating to the lab reports associated with the substance alleged to be cocaine which the New York Police Department (NYPD) purportedly found on Mr. Green during the August 3, 2010 Traffic Stop (hereafter the "Traffic Stop");

7. Mr. Green never knowingly, willingly, nor intelligently agreed to Trial Counsels stipulation of the lab reports from this Traffic Stop; and he submits that he recently found an e-mail between Trial Counsel and the Government that supports these contentions. See Exhibit "A" (e-mail between Trial Counsel and the Government dated January 30, 2019, stating, inter alia, that: "Our client is UNLIKELY to agree to waive his constitutional right to cross examine the chemist." [FN 6];

8. Moreover, Mr. Green submits that he never agreed to waive his right to challenge the Government's use of the Traffic Stop at his trial;

FOOTNOTE(S)

5. In spite of Trial Counsel clearly being aware that the Bronx Supreme Court dismissed and sealed the state case associated with the Traffic Stop, they later stipulated - without my consent - to such being dismissed by the "Bronx District Attorney." See Trial Transcript Pg. 2884 (referring to Government Exhibit 1012). This raises serious concerns questioning the use of the Traffic Stop and the alleged testimony and evidence purportedly associated with such against Mr. Green at his trial: for instance, how did the Government get these records and this alleged evidence without following the unsealing provisions associated with such? Moreover, it is clear that Trial Counsel helped the Government to allow the use of the Traffic Stop at trial, and they did this by virtue of their stipulating to the Bronx D.A. dismissing such, albeit that was not the case: The Bronx Supreme Court dismissed and sealed the state case. Furthermore, it appears as though the Government and Trial Counsel came to the conclusion to stipulate to this because of the Judges statements at trial that:

   THE COURT: I guess I'm under the impression
the DA's office dismisses all the time in cases where
it concludes that there might be a search issue... .

Trial Transcript Pg. 25 LL 22-24. Furthermore, the Judge stated this despite previously receiving Trial Counsel's Jan. 28 Letter stating that it was the Bronx Supreme Court that dismissed and sealed the New York State case associated with the Traffic Stop --NOT the Bronx D.A. See Jan. 28 Letter.

6. Mr. Green avers that he never waived this, nor any of his Constitutional or Human Rights in this matter; and this statement by Trial Counsel - just days before trial - gives credence to this. Moreover, Mr. Green contends that nothing changed from the time of this statement by Trial Counsel until the time of trial to justify their waiving his rights to attack the testimony and evidence associated with the Traffic Stop.

TRULINCS 56400054 - GREEN, BRANDON - Unit: BRO-G-A

---

FROM: 56400054
TO:
SUBJECT: Amended Post-Conviction Affidavit Page 3
DATE: 03/13/2021 12:32:35 PM

9. However, Trial Counsel did not move to suppress or otherwise exclude the introduction of the Traffic Stop and alleged testimony and evidence purportedly associated with such;

10. Also, Trial Counsel failed to call their own expert for the alleged cocaine allegedly seized during the Traffic Stop;

12. Mr. Green never waived his right to challenge this evidence, and the e-mail between Trial Counsel and the Government mentioned above supports this. See Exhibit "A";

13. Furthermore, Trial Counsel never should have stipulated to the Government's expert here, especially in light of the late disclosure of such by them;

14. Mr. Green was severely prejudiced here by these failures by Trial Counsel: Had Trial Counsel honored Mr. Green's requests, and challenged this evidence and testimony, it never would have been allowed to have been used against him at his trial; and, had this happened the result of the proceedings would have been different: i.e., Mr. Green would not have been found guilty of any and all charges against him here;

15. Mr. Green submits that the alleged cocaine allegedly from the Traffic Stop was the "only" actual physical evidence of purported drugs that the Government had in its possession in their case against Mr. Green; and it was relied on heavily by the prosecution in this Case. See, for example, the Government's October 10, 2018 Enterprise Letter, Narcotics Trafficking & Firearms Section, Paragraph 3, which states: "Green[] possess[ed] approximately 32 grams of cocaine in the vicinity of Monterey Ave[.] and East 180TH Street, Manhattan, New York, on August 3, 2010" (See Exhibit "B" The Governments Enterprise Letter) [FN 7] [FN 8];

16. Additionally, Mr. Green submits that Trial Counsel lied to the Court in a letter dated, February 16, 2019 (hereafter the "Feb. 16 Letter") (Doc. No. 522), which states: The Government did not disclose, because it did not know, about Mr. Green's lawsuit against Officer Sisco, or Officer Sisco's prior sworn statements." (Quoting Feb. 16 Letter);

17. Mr. Green submits that this was clearly a lie; the Government did know about these things, and this is evinced by, inter alia, the handwritten 302 interview notes of NYPD Officer Jeffrey Sisco, dated 1/28/19 (therein it states D[oes not remember] being sued by B[randon] G[reen]; they don't tell you the outcome of the lawsuit);

EXECUTED on this ___ day of March, 2021.

Respectfully Submitted,

_____
Brandon Green Reg. # 56400-054
Defendant, Pro Se

FOOTNOTE(S)

---

7. This document also support previous contentions my Mr. Green that the Government knew the correct location of the address; further supporting Mr. Greens argument that the Government suborned perjured testimony from NYPD Officer Jeffrey Sisco, and fabricated evidence in the form of their map(s) used at trial wherein Officer Sisco circled the fabricated arrest location (As being the "Honeywell Complexes"); also, in the process of suborning the perjured testimony, Officer Sisco committed perjury himself.

8. It should be noted that no one (Governments CW's) at trial testified to meeting Mr. Green prior to the date of the Traffic Stop (i.e., August 3, 2010); therefore, considering arguendo that all of Mr. Green's other arguments regarding this arrest and the alleged purported cocaine fail, there was no nexus to the RICO and Narcotics Offense(s) here.

TRULINCS 56400054 - GREEN, BRANDON - Unit: BRO-G-A

---

FROM: 56400054
TO:
SUBJECT: Amended Post-Conviction Affidavit Page 4
DATE: 03/13/2021 11:55:31 AM

## SWORN DECLARATION

I, Brandon Green, Hereby swear under penalty of perjury that I've read the information contained in the foregoing Affidavit, and that such is true and correct. 28 U.S.C. Section 1746.

SWORN to on this 13 day of March, 2021.

Signature: [signed]
Print: Brandon Green

| | |
|---|---|
| Message | |
| From: | Nichols, Allison (USANYS) [Allison.Nichols@usdoj.gov] |
| Sent: | 2/4/2019 9:05:18 PM |
| To: | Geller, Melissa S. [/o=DuaneMorris/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=Geller, Melissa S.1af]; Feinstein, Jessica (USANYS) [Jessica.Feinstein@usdoj.gov]; Chan, Andrew (USANYS) [Andrew.Chan@usdoj.gov] |
| CC: | Ezra Spilke [ezra@spilkelaw.com]; Paula Mazurek [paulanotari@aol.com]; Breslin, Eric R. [/o=DuaneMorris/ou=First Administrative Group/cn=Recipients/cn=ERB090]; Murray_Trial@hotmail.com |
| Subject: | RE: Stipulations |

Hi Melissa,

Thanks for this information – we are still looking over it and will get back to you soon. In the meantime, can you please resend the Western Union version of the stipulation you are proposing? The one attached did not appear to reflect any changes.

Thank you,
Alli


**From:** Geller, Melissa S.
**Sent:** Wednesday, January 30, 2019 11:19 AM
**To:** Feinstein, Jessica (USANYS) ; Nichols, Allison (USANYS) ; Chan, Andrew (USANYS)
**Cc:** Ezra Spilke ; Paula Mazurek ; Breslin, Eric R. ; Murray_Trial@hotmail.com
**Subject:** Stipulations

Counsel,

On behalf of the Green and Johnson teams, here are our comments and responses on the proposed stipulations.

Facebook / Instagram Stipulations
We are awaiting re-drafted stipulations regarding the Facebook / Instagram in accordance with previous correspondence.

Pinkney / Grayson / Sanchez Seizures
No objection to stipulating that these documents were seized from the respective residences of Pinkney / Grayson / Sanchez. We will also stipulate that the stipulation is admissible. We will not stipulate that the documents / objects themselves are admissible. We will preserve all non-authenticity objections. Please note, that while we are generally willing to stipulate to authenticity for certain documents, we are unlikely to stipulate that evidence is admissible. Comments in track changes in the attached.

Chemist Stipulations
We are not willing to stipulate to a bulk stipulation for many reasons, not least because it is confusing as to what drugs are covered or were tested by which chemists, so we will only consider individualized stipulations. As for Mr. Green, the question of the chemist report is currently an issue before Judge Gardephe. Although we are willing to reconsider after Judge Gardephe decides the issue, we are unlikely to agree to the stipulation as drafted. Our client is unlikely to agree to waive his constitutional right to cross examine the chemist. If you have an alternate, or a more narrow stipulation that you want to propose, we are happy to consider it.

Western Union
I see that the Western Union records are located at US_008195-8196. I looked through the 1/20/2018 production, where I thought they were housed, but I can't seem to find them. Please let me know which folder in the January 2018 discovery set these documents are housed or attach them by return email. As a general matter, we are fine stipping to

Brandon Green 56400054
MDC - Brooklyn
PO Box 329002
Brooklyn, ny 11232



RECEIVED
2021 MAR 17  PM 12:25
CLERK'S OFFICE
S.D.N.Y.

Crim Dut sm

Attn: Hon. Clerk Of Court
United States Clerk for The S.D
500 Pearl Street
New York, ny 10007