UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

UNITED STATES OF AMERICA, Plaintiff,

      - against -

BRANDON GREEN, et al., Defendant, Pro Se.

-------------------------------------------------X

Case No. 16 Cr. 281 (PGG)

REPLY TO GOVERNMENT'S OPPOSITION

I. Introduction

      Defendant, Brandon Green, Pro Se, under Local Rule 49.1(c), of the Local Criminal Rules for the Southern District of New York (S.D.N.Y.), HEREBY RESPECTFULLY submits this reply (hereafter the "Reply"), to the Government's recently filed papers Opposing his Affidavit and Motion to Recuse (Docket No(s). 955, 969) (hereafter "Gov. Opp. to Recusal"); and, which briefly discussed Mr. Green's other papers recently filed in this matter. (See, e.g., Docket No(s). 954-956, and 963-967). Moreover, in their opposition, the Government argues that: "The Government respectfully writes in opposition to [D]efendant Brandon Green's [M]otion to [R]ecuse the Court due to a claimed appearance of partiality [1].

---

[1] Mr. Green submits that he argued and demonstrated in his Recusal Pleadings and Papers (i.e., the Affidavit and Motion to Recuse recently filed) more than just a "claimed appearance of partiality", Quoting Gov. Opp. to Recusal, Pg. 1, Paragraph (Para.) 1; specifically, Mr. Green avers that within those papers, and through this Reply, he's demonstrated that the Court actually is bias and prejudice against him. Moreover, he's met his burden for recusal here; therefore, the Judge should recuse himself, and allow for the appointment of another Judge to hear the proceedings.

. .. The [D]efendant's [M]otion, a 94-page litany of grievances against all those with any involvement in his case, including the Court,[2] is without merit and should be denied". Quoting Id. Pg. 1, Para. 1 (Footnotes/Interpolation Added).

 Mr. Green recently filed several pleadings and papers in this case; they were his: 1) Affidavit of Facts in Support of Recusal, and 2) Motion to Recuse; 3) Affidavit of Facts in Support of his Post-Conviction Claims; 4) Affidavit of Facts in Support of His Reconsideration, and 5) Motion for Reconsideration (all of these pleadings and papers, along with any Exhibits, will be collectively referred to herein as the "Post-Conviction, Reconsideration, and Recusal Pleadings", and or the "Previously filed Pleadings and Papers"; the Affidavit of Facts in Support of His Reconsideration Motion, and Reconsideration Motion, will be collectively referred to herein as the "Reconsideration Pleadings"; and, when necessary, Mr. Green will refer to the individual pleadings by their respective names).

 Furthermore, everything Mr. Green filed was legible, meritorious, factually and legally accurate, and was conveniently labeled and very well explained, allowing for anyone - even a non-lawyer - to clearly understand Mr. Green's position supporting his relief requested in those filings (i.e., as is relevant here, that the Judge assigned to this case, the Hon. District Court Judge, Paul G. Gardephe, (hereafter the "Judge") should recuse himself).  Moreover, given the complexity of this case, its voluminous record,[3] and the nature, extent, and seemingly innumerable amount of violations of law and moreover Mr. Green's rights that have taken place, it should come as no surprise that these pleadings and papers came to as many pages as it did (94-pages, according to the Government), in what the Government classified as a "litany of grievances against all those involved in his case, including the Court." Quoting Gov. Opp. to Recusal, at Pg. 1, Para. 1.

 Moreover, the Government goes on to argue that Mr. Green's Recusal Pleadings are "without merit" and should therefore be "denied" [4], Quoting and Paraphrasing Gov. Opp. to Recusal, Pg. 1, Para. 1. However, for the reasons contained in Mr. Green's Previously filed Pleadings and Papers, and this Reply, Mr. Green contends that the Gov. Opp. to Recusal should be dismissed and struck from the record, and, the Judge should proceed forward with recusing himself, and allowing for the appointment of another Judge to hear the proceedings.

---

[2]  Mr. Green submits that his pleadings and papers encompassed his recusal pleadings, ergo, it should come as no surprise to discover that such pleadings included claims against the Court--that's the purpose of a recusal motion.

[3] The records of this case are voluminous; something Mr. Green has consistently stated throughout the entire proceedings--and, so have other defense attorneys who've worked on this case.  The Government's position, however, regarding the size of the records of these proceedings has changed several times, and appears to always be dependent upon their legal position; stated differently, when the Government needs the proceedings to be voluminous and complex, they argue that they are, and, when they need it to be the other way around, that is what they then argue.  Clearly, such contentions by the Government which in any way downplay the need for Mr. Green to file such seemingly extensive pleadings and papers here should be dismissed, as not being in good faith.

[4] The Government has tried, without success, in the past, to put forth this same argument to some of these same claims raised by Mr. Green in his Post-Conviction Affidavit, that were raised by him in the previous filings.  See e.g., Government's Response to District Court's November [8], 2019 Order, (hereafter "Gov. Resp. Nov. [8] Order") requesting briefing from the parties on whether it is proper for the Judge to hear Mr. Green's ineffective assistance of counsel, and other claims, prior to sentencing. This argument did not pass muster then, and it similarly does not do so now.

Furthermore, Mr. Green argues that within this Reply he's demonstrated, using the record, that the Gov. Opp. to Recusal is not submitted in good-faith, but instead, is the bad-faith product of the Government and Court's attempt to misstate and misinterpret the record, to try and improperly justify the Judge's denial of an otherwise completely meritorious Recusal request.

II.  Conclusion(s)

The Judge should strike the Gov. Opp. to Recusal as being in bad-faith, and moreover frivolous and without merit; and, moreover, should Recuse himself, and allow for the appointment of another Judge to hear the proceedings.

III.  Background

Mr. Green assumes the Court is familiar with the procedural and other relevant history of this Case.  For the purpose of brevity, Mr. Green will move on to addressing the Government's Opposition to his Recusal Pleadings and will discuss any factual - and legal - errors - i.e., inconsistencies, misstatements, and misrepresentations - contained in the same when doing so.  Moreover, please note that any and all arguments contained within this Reply that may or may not be different than arguments made in his Recusal Pleadings, are the result of Mr. Green's need to rebut any and all issues and arguments regarding, and contained within, the Gov. Opp to Recusal.  Furthermore, any and all arguments contained herein serve to compliment Mr. Green's primary argument here, which is that the Judge should recuse himself due to an appearance of bias and prejudice (partiality), and, moreover, because he is bias and prejudice against Mr. Green.

IV.  Reply to Government's Opposition to Recusal

A.  Factual Issues

First, Mr. Green submits that he will be addressing any and all factual errors contained within the Government's Opposition to Recusal; specifically, below, Mr. Green will list the relevant factual contentions made by the Government which he argues is in error, along with where such is

located; then, he'll proceed by providing the Court with the necessary information to demonstrate why this is (i.e., why the factual contention is incorrect). This information is as follows:

1. On page 1 of the Gov. Opp. to Recusal, the Government alleges that: "In a[] [P]ro [S]e letter styled as a respons[e] to the Court's November 8, 2019 Order, [] [Mr. Green] noted that his previously filed Sentencing Memorandum (Dkt. 760) contained all his claims of ineffective assistance of counsel, as well as allegations of prosecutorial misconduct and alleged perjury by the Government['s] witnesses (Dkt. 782)." Quoting Gov. Opp. to Recusal, at Pg(s) 1-3, Background. (Citations to Record in Original; and, Interpolation Added). However, this is untrue:

~ Why this is:

    1. First, Mr. Green submits that the Government is attempting to mislead the Court by submitting false facts; and, they have done so by merging two different statements by him in two completely different Court filings. Moreover, this is a clear manipulation of the record, and should therefore be stricken by this Court;

    2. The Government's contentions here, which is itself an amalgamation of two entirely different sentences, from two entirely different documents, is a bad-faith attempt by them to mislead the Court, was done in violation of federal and New York State Laws, and Rules of ethical and professional responsibility, see Generally American Bar Association, Rules of Ethical and Professional Conduct, the Prosecution function, and, the U.S. Constitution; consequently, it must be stricken by this Court;

    3. The first portion of the Government's amalgamated sentence apparently comes from Docket No. 760; specifically, therefrom, the Government states that: "In a[] [P]ro [S]e letter styled as a respons[e] to the Court's November 8, 2019 Order, [ ] [Mr. Green] noted that his previously filed Sentencing Memorandum (Dkt. 760)..." Quoting Id.;

    4. The second portion of the Government's amalgamated sentence apparently comes from an entirely different filing, (Dkt. 782), filed twenty-five (25) days later, and, as alleged by the Government, states: "... contained all of his claims of ineffective assistance of counsel, as well as allegations of prosecutorial misconduct and alleged perjury by Government['s] witnesses (Dkt. 782)." Quoting Gov. Opp. to Recusal, at Pg(s). 1-3, Background Section (Citations to Record in Original; and, Interpolation Added);[5]

---

[5] Mr. Green is truly baffled at the Government's attempt to get away with such blatant lies. Such a disrespect for the law, and moreover the rights of the accused, reveals the unfairness of these proceedings; and the fact that the Judge has and continues to fail to intervene to put an end to this manifests his bias and prejudice towards Mr. Green.

     5.  Read in its entirety, the amalgamated sentence put forth by the Government states, that: "In a[] [P]ro [S]e letter styled as a respons[e] to the Court's November 8, Order, [] [Mr. Green] noted that his previously filed sentencing memorandum (Dkt. 760) contained all of his claims of ineffective assistance of counsel, as well as allegations of prosecutorial misconduct and alleged perjury by Government['s] witnesses (Dkt. 782)."  Quoting Id. (Quoting and Paraphrasing Original) (Citations to Record in Original; and, Interpolation Added);

     6.  However, as clearly demonstrated herein, this statement by the Government is an obvious lie, and is not at all supported by the record; instead, "careful" review of the record demonstrates its falsity;

     7.  Moreover, such a statement is completely contrary to the position which Mr. Green has taken this "entire time"; i.e., that the Sentencing Memorandum was not drafted with the necessary detail of a Rule 33 or post-conviction motion, and therefore, Mr. Green would need to fully develop such claims before they would be ready to be addressed by the District Court, see Mr. Green's Notice to the District Court, dated December 18, 2019 (Docket No. 830) (hereafter the "Dec. 18 Notice") [6]--never did Mr. Green say that the Sentencing Memorandum contained "all" of his claims; he has, however, said that he wanted to "address all of his claims" raised therein, something that the Government is now trying to manipulate to mislead this Court; [7]

     8.  The Dec. 18 Notice was sent to the District Court on or about December 18, 2019, however, was not uploaded to Mr. Green's Docket until January 8, 2020, along with approximately twenty-eight (28) other Pro Se Submissions that were not uploaded until after Mr. Green filed a Complaint (Docket No. 832, and 833) (many of these filings were duplicative; and this is because Mr. Green had sent several

---

[6] Wherein Mr. Green stated, regarding the claims raised in his Pro Se Sentencing Memorandum, that: ". . . I realize that those claims raised in the Sentencing Memorandum of, inter alia, . . . IAC, were not drafted and presented in such a way as to be considered Rule 33 worthy; stated differently, I did not draft the Sentencing Memorandum Claims the same as I would have had it actually been a Rule 33 or other motion geared toward addressing such claims, but instead, simply was voicing [m]y grievances as it related to such problems." (Paraphrasing and Quoting Original).  If, however, considering arguendo that there is any apparent inconsistencies in Mr. Green's previous statements made in his previous filings, he avers that such inconsistencies were not intentional, and, now that he's been given an "opportunity to respond" to these contentions by the Government, he hopes that there is no longer in confusion on the issue.  However, it is clear to Mr. Green that the Government knows very well what his intentions are, and that they are, again, trying to manipulate the record. [EN A]

[7] Mr. Green would also like to point out that the Government, in their Opposition to the Recusal Pleadings, even noted that Mr. Green had filed several Pro Se document(s) with this Court seeking, inter alia, more "time to research and perfect his claims".  Gov. Opp. to Recusal, Pg. 4.  This supports his contentions that he has already been clear about his intent with respect to the need to perfect his Claims upon his receiving, among other information, his Client File from Trial Counsel.

copies after he realized that the original ones had not been filed. This raises serious concerns about the integrity and fairness of these proceedings);

9. Mr. Green was very clear in the Dec. 18 Notice, as well as in other filings, regarding his position concerning the fact that his Sentencing Memorandum claims were not fully developed; and, that he needed to do so before he could proceed with asking the District Court to address/consider such;

10. However, in case Mr. Green has not been clear enough regarding his Post-Conviction claims, and moreover, in case the Government and/or the District Court is confused about the issue - which he understands is very likely given the constant manipulation of the record by, inter alios, the Government -, Mr. Green vehemently maintains that his most recent filings, i.e., his Previously filed Pleadings and Papers, to include his Affidavit of Facts in Support of his Post-Conviction Claims, contains, thus far, all of the facts supporting such; [8]

11. Additionally, Mr. Green would ask this Court to keep in mind that though he feels that his claims raised thus far - with respect to his Post-Conviction Claims - are sufficient enough to warrant, inter alia, an evidentiary hearing, and the granting of a new trial, and or, the dismissal of all of Mr. Green's convictions, with prejudice;

12. However, Mr. Green submits that he still has not had a chance to go over "all" of the records of this Case that he has received, and, that he still has not received "everything" [9] that he's been asking for, and is entitled to; so, with that said, he respectfully reserves the right to amend his claims, and to add new claims, if he finds evidence and information supporting such through his due diligent efforts to do so;

13. Furthermore, Mr. Green cannot be blamed for his taking so long to file his Post-Conviction Affidavit, in light of the obvious dilatory tactics employed by, inter alia, his previous attorney(s) with respect to his attempts at obtaining, inter alia, his Client File from the attorneys, Eric R. Breslin, and

---

[8] Mr. Green is also drafting a Petition in Support of his Post-Conviction claims, which he is almost finished with. This more fully sets forth his facts and delves into the law surrounding the claims raised in his Post-Conviction Affidavit. Moreover, Mr. Green submits that he plans on submitting this supporting Petition soon and plans on doing so before the new Judge continues with hearing the proceedings following the Judges Recusal here.

[9] Mr. Green has not received, inter alia: 1) the executed maps (marked by NYPD Officer Jeffrey Sisco at trial); 2) the letter submitted in error by Trial Counsel; 3) the "electronically filed" and "signed", Stipulations [Endnote (EN) A], between Trial Counsel, and the other defense Counsels, and, the Government, stipulating to the Bronx District Attorney dismissing the charge(s) that resulted from the August 3, 2010 Traffic Stop (Gov. Exhibit 1012); and 4) any and all undisclosed Brady and Giglio materials, that may be relevant to, inter alia, sentencing, and post-conviction claims.

Melissa S. Geller, of the Law Firm of Duane Morris (hereafter collectively referred to as "Trial Counsel"; unless otherwise individually referenced by their respective names);

14. Nevertheless, the question before this Court is that of Recusal, and whether the Recusal Pleadings are timely and legally sufficient; and for that reason Mr. Green asks the Court to please focus on that issue, and only take into consideration any and all other issues that are relevant to that determination, in as much as such is relevant;

15. Therefore, for the reasons stated above, the District Court should disregard this misstatement / lie of the Government, and should, when doing so, consider how such illegal and unethical behavior on behalf of the Government supports the arguments that Mr. Green has been making all along: i.e., that the Government knowingly, willingly, intelligently, and maliciously, charged and brought him to trial for crimes that the Government knew he did not commit; now, they are still engaged in such illegal and unethical conduct in their desperate attempt to keep the truth from coming out: i.e., that they broke the law, and illegally prosecuted Mr. Green here;

2. The next factual contention(s) Mr. Green would like to discuss were made by the Government, and regarded the electronic / telephonic Conference that was held on November 17, 2020 (hereafter the "Nov. 17 Conference"); specifically, the Government states, regarding this conference, that at the conference: "[T]he Court addressed [Mr.] Green's numerous requests for various documents. After confirming that [Mr.] Green did not dispute receiving discovery materials prior to trial and noting the Court's awareness that the Government had produced voluminous[10] 3500 material prior to the trial, the Court told [Mr.] Green that he does not have an unqualified right to 'everything' in the Government's

---

[10] So, here is a prime example of Mr. Green's earlier arguments; here, the Government points out the "voluminous" record, as acknowledged by the Judge in his statements above--however, they, as the District Court is aware, continue to attempt to downplay the size of the record to try and make it appear as though Mr. Green's past needs for additional time to fully develop his claims are without merit.  Also, they, in this Opposition, comment on the number of pages (94-pages, according to them) that the Post-Conviction, Reconsideration, and Recusal Pleadings came to, as if this is apparently unnecessarily excessive.  Clearly, it should come as no surprise that, given the number of issues raised in what is "obviously" several "different" filings, came to as many pages as it did.  It's obvious that the record here is extensive, and, it's also clear that there were "abundant" mistakes made throughout these proceedings by "everyone" involved, especially, the Government and Court.  Ergo, it should also come as no surprise that all the recently filed Pleadings and Papers listed nearly, if not all, of the persons involved in this Case.  Mr. Green should not be faulted for the failures of those charged with the administration of justice to uphold to required legal and ethical standards; in fact, it's actually because of these failures that Mr. Green is able to seek relief in Court; it's through such failures that he is allowed to collaterally attack his unconstitutional conviction(s).  So, of course his complaints list all these individuals--if they did not, he would not be able to get the relief which he seeks: i.e., dismissal of his conviction(s), with prejudice, and/or, the granting of a new trial.  Therefore, because clearly established law, and sound logic, require Mr. Green to file the Pleadings and Papers as he did, he would ask the Court to dismiss any contentions by the Government claiming such to be unnecessary, and / or without merit.  This is clearly not the Case here.

file, but only to material responsive to the Government's discovery, Brady, and Giglio obligations. ([Transcript of Nov. 17 Conference] [Pg(s).] 26-31. Noting that the Court had not reason to believe the Government had failed to comply with those obligations, the Court invited [Mr.] Green to discuss the issue with his attorney, who could make an application to the Government for supplemental productions if appropriate. (Id.)" Quoting Gov. Opp. to Recusal (Citations to Record in Original; and, Interpolation Added).  Mr. Green would now like to discuss these factual contentions by the Government, as he feels so is necessary to ensure that this Court, and anyone reading these pleadings, now and for future appeals and post-conviction pleadings, understands the truth of what is taking and has taken place here:


~  The need for clarification:


    a. First Mr. Green will address the Government's statements in the Paragraph above that, at the Nov. 17 Conference: "[T]he Court addressed [Mr.] Green's numerous requests for various documents[;] [and,] [a]fter confirming that [he] did not dispute receiving discovery material prior to trial...:


    1.  At this conference the Court did address Mr. Green's numerous concerns and moreover request regarding documents and other similar related information that he had not received, despite asking for "YEARS"; however, the Government appears here to be yet again intentionally misstating the facts;


    2.  Mr. Green contends that the Government then goes on to try and make it appear as though he received all his "Discovery Material"[11] "prior to trial", see Id. at Pg. 3; however, this is far from the truth;


    3.  In fact, what Mr. Green said at the Nov. 17 Conference regarding the Courts line of questioning here with respect to whether he received and reviewed all the Discovery Material prior to trial was:


THE DEFENDANT: No, I'm not going to say I didn't receive any, any of the discovery.  Tidbits.  I still haven't received most of the discovery, and [] Mr. Breslin put on the record, [] [at] the substitution of [counsel] hearing, that he was still continuing to bring me 3500 materials.  And I have wrote him numerous times asking him to bring it, even before Covid virus has occurred, and no one still has provided me none of the information.

---

[11] Herein this Reply the term "Discovery Material" refers, inter alia, any and all Brady and Giglio material, as well as any and all other discovery material, 3500 material, and or similar information required by law to be given to the defense by the prosecution before, during, and after trial;

Transcripts of Nov. 17 Conference, Pg. 27 LL 2-9.  Moreover, the Judge had just previous informed Mr. Green that it had honored and would continue to honor his stay request; at least until Mr. Green was able to receive the information that he'd been requesting so that he could fully develop his post-conviction claims.  See Id. at Pg. 26, LL 21-22:

THE COURT:  Yes, well, I already addressed the stay, and I've told you that I HAVE HONORED THAT REQUEST FOR A STAY.

Quoting Id; and, the Judge invited Mr. Green to, when he got a new lawyer, "tell him or her all the information that you claim that you didn't get". Quoting Id. at Pg. 27 LL 19-20.

    4.  This clearly contradicts the Government's contentions here that the Court verified that Mr. Green did in fact receive and review these things prior to trial;

    5.  This statement, Mr. Green argues, like everything else said by the Government in their Gov. Opp. to Recusal, and throughout this "entire" case, is another bad-faith attempt to submit misleading facts to the District Court; specifically, Mr. Green would like to point out that he has been very clear throughout this entire Case that he has only received "tid-bits" of information such as discovery and 3500 material prior to trial--and, by tid-bits, he literally means just a small fraction of what he was supposed to see prior to trial.  Now, nearly five (5) years since this Cases inception, and almost three (3) years since his "wrongful" convictions, Mr. Green is JUST RECENTLY receiving the discovery and similar related material which he should have received from, and went over with, his Trial Counsel prior to trial;

    6.  Moreover, the record clearly supports this. See, e.g., Mr. Green's "numerous" letters / complaints to, inter alios, the District Court, the Government, Trial Counsel, the attorney Zoe Dolan, and, Stand-by Counsel (and all those assisting Stand-by Counsel) (wherein Mr. Green makes numerous requests to everyone involved in this Case for, inter alia, his Client File from Trial Counsel, the Government Exhibits used against him at trial, and, moreover, the Discovery Material);

    7.  Had  Mr. Green not been subject to the unethical and illegal dilatory tactics of basically everyone involved in this Case, and had the Judge honored his previous "STAY" that he granted Mr. Green, and moreover given him the time needed to go over these things due to, among other prejudices, the restrictions in place at MDC due to the Coronavirus, and, because he did not in fact have all the information, then Mr. Green would have been able to bring forth his post-conviction claims in a more expeditious manner, and would not be in the position that he is today;

8. These tactics of delaying these proceedings, especially coupled with the Judges blatant disregard for Mr. Green's rights, especially in face of the Coronavirus, and his being a Pro Se defendant, incarcerated during these times, was completely unreasonable, and evince the bias of the Jude, and all those involved;

9. Furthermore, Mr. Green argues that it is evident through the Judge's statements in Court, and in his written Orders, and, by virtue of the Court's deceptive tactics regarding it's intentionally delaying in electronically filing/docketing his previous Court filings so that it Could manipulate the Record in the Court's attempt to assist the Government in covering up the Crimes that took place against, among other laws, Mr. Green's Civil and Human Rights;

10. Moreover, such practices are that of dictators, not individuals who are supposed to work "for the people" in a functioning democracy. The System has failed here, and because of this, the Court shall immediate recuse itself from this Case, and allow for the appointment of another Judge--it is made manifest throughout this conduct that the Judge is in fact bias, and prejudice, and has taken part in the Conspiracy to violate Mr. Green's most basic rights;

11. Specifically, Mr. Green contends that through this, and his other arguments in this Reply,[12] he's shown that for quite some time the Court has been taking part in, among other issues, the dilatory tactics used to impede Mr. Green's attempts at Justice; and, the Court has done so by his knowing and intentional misstatement of Mr. Green's own statements about and desires regarding this Case, and issues like whether or not he's received all of the information that he feels entitled to, like Trial Counsel's Client File, and moreover the Discovery Material, and, by, among other things, making it appear as though Mr. Green is "unwilling" to sign/execute the attorney-client waiver;

12. These contentions by the Government, derived from the Court, are but the unconstitutional and unethical means employed by them in their efforts to do exactly what they are trying to do here: i.e., justify the Court denying the Recusal and other Previously filed Pleadings and Papers, so that it can illegally sentence Mr. Green. This must stop; and this will only be accomplished by, inter alia, the Judge recusing himself from the proceedings, and allowing for the appointment of another Judge. That is what should take place here;

13. Lastly, Mr. Green would like to point out that the conduct of everyone involved here, particularly when compared to their statements, especially the Court and Government, demonstrate that they did in fact engage in, among other unethical and illegal conduct, dilatory tactics, in an attempt

---

[12] Mr. Green submits that review of this Reply, his previously filed pleadings and papers, and the record here, clearly demonstrates these egregious violations of his human and civil rights which have and continue to take place here.

to impede Mr. Green's attempts at bringing forth his post-conviction claims--moreover, thus far, these individuals have succeeded in their efforts, and it is hoped that if all else fails here, the Appeals Court, among other places and organizations, will help to remedy the prejudice suffered here as a result of such illegal conduct;

14.  Specifically, Mr. Green would like to point out how the record very clearly demonstrates that he in fact "did not" receive all of his discovery Material as required by law, prior to going to trial, in spite of his requests that Trial Counsel go over these things; and, that Ms. Dolan did not ever receive Trial Counsel Client File, though she did not tell Mr. Green, Trial Counsel, or the Court;

15.  Moreover, Mr. Green did not receive the Client File until on or about January 12, 2021--approximately three to four (3-4) months after he found out that Ms. Dolan never received such from Trial Counsel;

16.  As the Court will recall, Ms. Dolan informed the Court, Mr. Green, and Stand-by Counsel, via a letter that she "never" received a working copy of Mr. Green's Client File from Trial Counsel when she took over this Case; and, this Completely contradicts the Government's contentions, relying on the Judge's statements at the Conference that the Judge had no reason to believe that Mr. Green nor his previous attorneys did not receive the Discovery Material, see Gov. Opp. to Recusal, and, see Nov. 17 Conference Transcript (stating the Court had no reason to believe that Mr. Green nor his previous attorneys did not receive the Discovery Material, and other related materials)--Mr. Green guesses that when the Government said this, it had forgotten that Ms. Dolan had actually lied to the Court at the Conference, which supported Mr. Green's contentions that he did not receive these things prior to, nor after trial;

17.  Therefore, being that Mr. Green has disproven these contentions raised by the Government, the Judge should disregard their arguments here, and proceed forward with recusal in due form of law;

18.  Now, keeping all this in mind, it should not come as a surprise that Mr. Green filed as many requests as he did, with as many people as he did, including the Court, in an effort to obtain this information which he has a "right" to;

19.  Furthermore, Mr. Green was very "explicit" in his requests for this information, and clearly stated what it was he was looking for; however, in spite of this, when the Judge did address the issue of Mr. Green's "numerous" requests, the Judge made it appear as though Mr. Green felt as though he had an unqualified right to, and was moreover asking for, everything in the Government's possession;

20. This is not true though: Mr. Green was very specific about what it is that he had not received, in writing and in person, and, with what it is that he felt he did have a right to and moreover wanted;

21. The Court, however, tried for example, as stated above, at the Nov. 17 Conference, to imply that: 1) it had no reason to believe that Mr. Green nor his previous or present attorneys had not received all of his Discovery Material; and, moreover 2) informed him that he did not have an unqualified right to everything;

22. All Mr. Green was asking for was the information that he should have been given in the first place, i.e., his Client File from trial (which included, inter alia, emails/correspondence between the Government and Trial Counsel, and Mr. Green and Trial Counsel), and Government Exhibits and/or Stipulations;

23. Now, keep in mind that Mr. Green was asking for this information for a very long time, and "specifically" stated that he needed such to, inter alia, perfect his post-conviction claims; however, this information "was" sent to him in a piecemeal basis, and at the very last minute--which he knows was on purpose, and was moreover so that he received these voluminous records, with only a couple of weeks to try and file his post-conviction affidavit (obviously, these tactics worked);

24. Moreover, the Court delayed Mr. Green's and Ms. Dolan's "explicit" requests for a "Faretta Hearing" [13] until over one (1) year, and this too was to delay the proceedings, and to impede Mr. Green's ability to exercise and moreover enforce his rights--this was severely prejudicial, and Mr. Green did in fact, and still, suffering harm from this; [14]

25. Such unethical and illegal behavior by the Court gives credence to Mr. Green's claims that the Court is bias and prejudice against Mr. Green; accordingly, the Judge should recuse himself, and allow for the appointment of another Judge to hear the proceedings;

---

[13] Four or More requests were made for a Faretta Hearing by Ms. Dolan in writing, and, she also requested in Court that such a hearing be conducted; moreover, Mr. Green himself made several requests, orally, and in writing with the Court, for a Faretta Hearing, however, his requests also were not honored for over one (1) year. This too was a dilatory tactic wrongfully employed by those tasked with the administration of justice.

[14] Had the Court held the Faretta hearing when Mr. Green and Ms. Dolan requested, he would have received his Client File much sooner, and brought for his meritorious Post-Conviction claims before this Court within the time frame allotted. These dilatory tactics severely prejudiced Mr. Green's rights here.

    b. Next, Mr. Green would like to briefly discuss the Government's contention(s) at the Nov. 17 Conference that: "... Noting that the Court had no reason to believe the Government had failed to comply with [its Discovery] obligations, the Court invited Mr. Green to discuss the issue with his attorney, who could make an application to the Government for supplemental productions if appropriate...", Quoting and Paraphrasing Gov. Opp. to Recusal (Interpolation Added).  There are serious problems with this statement:

  ~ The Problems with this Statement:

    1. First, Mr. Green would like to point out that the Government's Brady and Giglio obligations are a continuing one; that if they had something in their possession which fell under such obligations, they would be required to turn it over, regardless of whether Mr. Green inquired about such; and, ...

    2. Also, Mr. Green would like to point out that the Judge filed a Notice/Order in this Case's Docket, on October 28, 2020 (hereafter the "Rule 5(f) Order") (Docket No. 900), approximately one (1) year after Mr. Green's initial sentencing, pursuant to Fed. Rule of Criminal Procedure 5(f), reminding the Government of its disclosure obligations under Brady [EN B], Giglio [EN C], and their progeny;

    3. Moreover, the Rule 5(f) Order summarized the potential consequences for violating these Obligations; and, reminded the Government, inter alia, that it "must disclose to the defense all information 'favorable to an accused' that is 'material either to guilt or to punishment' and that is known to the Government." Quoting Rule 5(f) Order (Internal Citations Omitted);

    4. Furthermore, the Rule 5(f) Order states that: "As part of its disclosure obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witnesses within the meaning of Giglio [...] and its progeny.  Such information must be disclosed sufficiently in advance of trial for the defendant to make effective use of it at trial or at such other time as the Court may order;

    5. Moreover, as Mr. Green previously discussed earlier herein this Reply, he actually can prove that he and his previous attorneys did "not" receive all the necessary Discovery Material, and other relevant material;

    6. Specifically, to prove this contention, Mr. Green will cite supporting evidence contained within the record of these proceedings;

      7.  First, as stated earlier, after Ms. Dolan was relieved from further representing Mr. Green, she admitted, in a letter to, inter alios, Mr. Green and Mr. Witzel, that the USB Flash Drive that she received from Trial Counsel that was supposed to contain, inter alia, their Client File, contained no readable data, or was otherwise corrupt;

      8.  This "proves" that Ms. Dolan's previous assertions to the Judge that she received all this information, and moreover provided it to Mr. Green, was a lie--in fact, she even admitted such a "lie" at the Nov. 17 Conference, see Nov. 17 Conference Transcript, and, in her more recent letter regarding the corrupt USB Flash Drive, and not having been provided the Client File (nor did she tell anyone, not even Mr. Green, until she had no choice; she waited until she was relieved from his Case, otherwise, she likely never would have told Mr. Green);

      9.  Specifically, at the Nov. 17 Conference, Ms. Dolan first alludes that Trial Counsel gave her all the necessary Discovery Material and Client File, see Nov. 17 Conference Transcript, Pg. 22, LL 16-18; she does, however, state that the info she "allegedly" received "did not contain all of the 3500 material." Id. at LL 22-23;

      10.  Ms. Dolan then goes on to lie to the Court some more, by implying that she confirmed with Trial Counsel that Mr. Green received and reviewed all material, Id. LL 22-25; however, Mr. Green is quick to call her out on this lie. Id. Pg. 34 LL 10-22;

      11.  Moreover, because we know that Ms. Dolan was in fact lying, by virtue of her later letter admitting to Mr. Green, the Court, and Mr. Witzel, after she was relieved from this Case, that she never received a working copy of the Client File, we know to dismiss any belief that Mr. Green actually received this information as alleged by the Government here through the Court's Nov. 17 Conference statements--the Government, I guess, forgets to take into account these intervening circumstances which give credence to these and similar claims raised by him herein and throughout these proceedings;

3. Next, Mr. Green want to briefly discuss the Government's false statements on Page 4 of their Opposition that: "At a teleconference on January 5, 2021 (hereafter the "Jan. 5 Teleconference"), [Mr.] Green indicated that he did not intend to sign the waiver of attorney-client privilege..." Quoting Id.  This is clearly a lie / intentional misrepresentation of the facts, and Mr. Green will now explain why this is:

  ~ Why this is:

      1. Mr. Green submits that careful review of the record indicates that he "never" indicated that he did not want to sign the attorney-client privilege waiver form (hereafter the "Waiver Form"); but, instead, has been very clear about his intention and desires to do so; also, he informed the Court, and everyone at the Conference that he "still did not" have the Waiver Form, so, he clearly could not sign something that he did not have (which the Judge clearly knew prior to the hearing, because, as stated before, Mr. Green sent him multiple letters, one of which was dated around December 4th, 2020, and was sent certified mail to the Court and received on December ninth (9th); however, this letter, along with several others, as stated before, were not filed until "after" the Jan. 5 Conference--and the Judge did this so that he could manipulate the record, and make it appear as though Mr. Green was refusing to sign the form. Clearly, this Judge harbors some real bias and prejudice against Mr. Green, to go to such lengths to manipulate the record. This must come to an end);

      2. Furthermore, it was not Mr. Green, but was in fact Mr. Witzel that "incorrectly" indicated at the Jan. 5 Teleconference that Mr. Green did not want to sign the form--never did Mr. Green say this;

      3. Moreover, when Mr. Witzel said this, the Judge asked Mr. Green if this was true, and, after some brief discussions back and forth, Mr. Green was able to state to the Court several times that he did in fact intend on signing the form;

      4. Clearly, the Government has again lied, again committed crimes, and, there Opposition, if it has not already been, should be immediately stricken from the record, and disregarded by this Court, who should move forward with addressing the issue of recusal in due form of law;

4. Next, Mr. Green would like to challenge the Government, and apparently the Judge's, false contentions that he "cut off the judge", and, was somehow being hostile with the Court, see Gov. Opp. to Recusal. Moreover, according to the Government, therefore the Court "disconnected" the Jan. 5 1eleconference. However, this, like nearly everything else alleged by them, is a lie, and should therefore be dismissed by this Court. Mr. Green will briefly explain why:

   ~ Why this is:

      1. Mr. Green contends that careful review of the Transcripts from the Jan. 5 Teleconference reveals that it was the Judge who cut him off, not the other way around; and, moreover, Mr. Green clearly explained this to the Judge, who did not object;

  2. Moreover, all Mr. Green was doing was exercising his right to be heard; he was not arguing nor being hostile with the Court; in fact, it was the Court that was trying to manipulate the record at this Teleconference, and Mr. Green could see that, and that is why he was sure to point these things out-- this, however, angered the bias and prejudice Judge, who in turn disconnected the Jan. 5 Teleconference, thereby depriving Mr. Green of his rights to, inter alia: an impartial Judge, due process of law, access of courts, and to petition for redress grievances and free speech

  3. The Judge is supposed to be respectful and courteous; it is the Judge who acted improperly here, not Mr. Green;

  4. Accordingly, the Judge should recuse himself, and allow for the appointment of another Judge to hear the Proceedings;

B.  Legal Issues: The Entire Opposition

 Green submits that he is in disagreement with the Government's overall argument that his recently filed Pleadings and Papers, to include the Recusal Pleadings, are without merit, and should therefore be dismissed by the Court. See Gov. Opp. to Recusal, Pg. 1, Para. 1. Mr. Green disagrees with this legal argument for the following reasons:

 ~ Why the Government is Incorrect:

  1. As in initial matter, considering how the Government wrote their Opposition, with all of its "blatant" lies, misrepresentations, and misstatements of fact, this Court should find such to be without merit itself, as obviously being submitted in bad-faith, with actual intent to deceive and mislead; [15]

  2. Moreover, the Government has tried, without avail, in the past to put forth this same argument regarding some of the same claims raised by Mr. Green, see Gov. Resp. Nov. [8] Order

---

[15] The Government violated several laws by doing this. See, e.g. Title 18 U.S.C. Section 1001 Statements or entries generally.

(mentioned on Pg. 3 of this Reply, at fn. 4; furthermore, such argument did not past muster then, and it similarly does not do so now;

       3. However, to the extent that the arguments raised by Mr. Green in the Recusal Pleadings are different than past arguments made by him, he contends that such are similarly filed in good-faith, and are more than potentially meritorious; therefore, this Court should not dismiss such claims on the contrary basis;

       4. All of the claims raised by Mr. Green in the Post-Conviction, Reconsideration, and Recusal Pleadings, like all past arguments, are meritorious, and should therefore be addressed by this and a replacement Judge in due form of law; [16]

       5. Moreover, Mr. Green maintains his arguments raised in his Recusal Pleadings, and maintains that the Government has clearly misapplied the law, applied otherwise inapplicable law to their distorted version of facts, and, appears to have tried to have taken apart Mr. Green's legal arguments contained therein, and moreover tried to separate them;

       6. Mr. Green reminds this Court that his arguments in his recusal pleadings all are intertwined, and taken together, or separately, warrant the relief sought therein: i.e., recusal of the Judge.

       7. Lastly, Mr. Green argues that the he clearly argued his legal position, and did so correctly within his Recusal Pleadings, and other Previously filed Pleadings and Papers; and, therefore, renews those arguments, to be incorporated and considered with this reply, for this Court to consider when ruling on the same.

       8. Mr. Green's application of the law, which is the correct application of the law to the Correct facts, is what this Court should use and consider when ruling on the Recusal Pleadings here.

---

[16] Think about it, if Mr. Green's complaints did not have merit, the District Court never would have allowed these proceedings to go for as long as they have. Therefore, Mr. Green asks the decision maker to draw the reasonable inferences associated with the fact that Mr. Green was convicted nearly two years ago, and still not sentenced. Something must obviously be wrong, and Mr. Green avers that it actually is. Moreover, these issues must now be addressed, and in doing so the Judge should Recuse himself, and allow for the appointment of another Judge to hear these proceedings. To do anything else would be, absent Mr. Green waiving his rights, a clear violation of the Constitution and laws of the United States.

V.  Relief Sought

      WHEREFORE the Defendant, Brandon Green, Pro Se, HUMBLY moves the Judge to Recuse himself from this Case and allow for the appointment of another judge to hear the Proceedings.

EXECUTED On this 25th day of March 2021.

Respectfully submitted,

Signature:

_____/S/_____

Print:

Brandon Green Reg. # 56400-054

Defendant, Pro Se

MDC - Brooklyn

P. O. Box 329002

Brooklyn, New York 11232

cc: Stand-by Counsel, Attorney Steven Witzel;

Office of AUSA (via Stand-by Counsel)

CERTIFICATE OF GOOD-FAITH [EN WW]

    I, Brandon Green, Pro Se, DO HEREBY CERTIFY that this Reply, as well as any and all other Pleadings and Papers filed by him, have been done so in good-faith; and are moreover not intended to cause unnecessary delay in the proceedings, nor are the intended to unduly harass any parties here, including the Court; but, instead, are intended to ensure that Justice is had here, and that the violations of his rights which have and continue to take place are resolved.

EXECUTED and CERTIFIED to on this 25th day of March 2021

Signature: _____/S/_____

Print: Brandon Green Reg. # 56400-054

SWORN DECLARATION [EN WW]

   I, Brandon Green, DO HEREBY SWEAR, under penalty of perjury, that the information contained in this Reply, as well as any and all other Previously filed Pleadings and Papers, is true and correct. Title 28 U.S.C. Section 1746.

SWORN TO and EXECUTED on this 25th day of March 2021.

Signature: _____/S/_____

Print: Brandon Green Reg. # 56400-054

i

---

[i] A. The Government has clearly done this in their attempts to provide some type of otherwise inapplicable legal justification to the Court, who they are well aware is bias and prejudice against him, so that the Judge can justify his otherwise incorrect denial of Mr. Green's Previously filed Pleadings and Papers, especially the Recusal Pleadings.

XX. In the Gov. Opp. to Recusal, the Government claims that Mr. Green's complaints about the Court "allegedly" not filing his Court Submission is simply due to his not being satisfied with the time frame that those submissions were filed in; as if he is simply "complaining for no reason". This, however, can be shown to be far from the truth, and these complaints further give credence to his claims that everyone involved here, including the Court, is engaged in bad-faith tactics geared to manipulating the record in an attempt to justify these officials otherwise illegal, unconstitutional, and unethical behavior. This system is unbalanced, and unfair; and the "only" chance Mr. Green has at receiving a fair hearing is for the Judge to recuse himself here.

WW. The Gov. Opp. to Recusal was not submitted in good-faith, nor was it sworn to, nor contained any type of oath/verification; and Mr. Green argues that this is because it was in fact submitted in bad-faith, and, was moreover, an illegal attempt to provide the Judge with improper legal justification so that the Judge could wrongfully deny the Recusal Pleadings for reasons that would not otherwise apply had it not been for the

Government's incorrect/twisted version of facts.  Such conduct here clearly manifests the unfairness of these proceedings, while simultaneously giving credence to Mr. Green's claims.

B.  Brady v. Maryland, 373 U.S. 83 (1963).

C.  Giglio v. United States, 490 U.S. 150 (1972).