To: Clerk of Court, U.S. District Court -- SDNY

500 Pearl Street

New York, NY 10007


From: Brandon Green Reg. No. 56400-054

cc: Attorney(s) Eric R. Breslin, and Melissa S. Geller, from

the Law Firm of Duane Morris; Office of U.S. Attorney, SDNY


Date: April 8, 2021

Re: Case No. 16 Cr. 281


<u>MR. GREEN'S LETTER TO MEMORIALIZE ISSUES SURROUNDING</u>

<u>HIS NEED FOR CASE INFORMATION STILL NOT RECEIVED</u>


*"This is what I call the American idea. This idea demands...a democracy, that is, a government of all the people, by all the people, for all of the people; of course, a government after the principles of eternal justice, the unchanging law of God; for shortness' sake, I will it the idea of freedom"*

-Theodore Parker 1810-1860*


The defendant, Brandon Green, Pro Se, hereby submits this letter to document some concerns that he has surrounding his previous Attorney(s) letter dated February 16, 2021 (hereafter "Mr. Breslin's Feb. 16 Letter"). [1] These concerns are related to Mr. Green still not receiving information pertaining to his case from, inter alios, his previous Attorney(s), Eric R. Breslin, and Melissa S. Geller (collectively referred to hereafter as "Trial Counsel", unless referenced by their respective names). Moreover, Mr.

---

*Speech at N.E. Anti-Slavery Convention, Boston, 29 May 1850.

[1] Please note that this letter is being documented with this Court solely for the purposes of memorializing such for later appeals and or post-conviction and or other judicial and or quasi-judicial proceedings. Specifically, he asks that the District Court Judge, the Honorable District Court Judge Paul G. Gardephe (hereafter the "Judge"), not take any action whatsoever on this document. Moreover, because Mr. Green has an Affidavit and Motion to Recuse (hereafter the "Recusal Pleadings") pending before the Judge, he does not want the Judge to construe this letter in any way as asking for any type of relief from this Court, as doing so would be contrary to the position taken in his Recusal Pleadings (i.e. the Judge is partial)--and he does not want that to happen. Furthermore, in the event that Mr. Green later needs to move for any type of relief from this District Court regarding this letter and moreover the issues contained herein, then he will then do so after a different judge has been assigned to hear these proceedings following the Judge's recusal.

Green is also sending a copy of this letter to Trial Counsel, to put them on Notice of his grievances associated with his still not receiving Case information from them; despite Trial Counsel having an ethical and legal obligation to provide him with such, and, even after Trial Counsel stated previously that he would furnish Mr. Green with such even after Trial Counsel was relieved from this case by the District Court.

Mr. Green previously had Trial Counsel relieved from further representing him in this matter; and, to replace them, his family hired the attorney, Zoe Dolan, from California. At the Substitution of Counsel Hearing (hereafter the "Substitution Hearing"), held on July 25, 2019, the District Court relieved Trial Counsel, and granted Ms. Dolan's application to appear as counsel for Mr. Green. Moreover, during the hearing the Court asked Mr. Breslin if he wished to be heard, (see Substitution of Counsel Hearing Transcript (hereafter "Sub. Csl. Hearing Tr.") Pg. 5, Line(s) (LL) 1; and, in response, Mr. Breslin stated:

MR. BRESLIN: Just on one issue. The existence of the protective order is going to make it sometimes difficult I think for Ms. Dolan to be able to go over certain parts of the 3500 material with Mr. Green because she's in California. My firm will undertake to continue to bring the cooperator 3500 material to Mr. Green so that he can review it for later conversations with Ms. Dolan as a courtesy to the Court and to the CJA so that this thing does not SLIDE FURTHER.

Sub. Csl. Hearing Tr., Pg. 5, LL 2-9 (Emphasis Added).

Looking back, you can see from these statements made by Trial Counsel that he was concerned about handing over the Case File(s) to Ms. Dolan; as Mr. Breslin stated, he did not want the "situation" to "SLIDE FURTHER" (meaning the issues surrounding this Case, and more specifically, the violations of Mr. Green's rights to, inter alia, the effective assistance of counsel). Mr. Breslin never had any intentions of actually providing Ms. Dolan with the Client File, to include all the 3500 materials, because: He did not want the new Attorney, Zoe Dolan, who is from "out-of-town", to see just how badly Mr. Green's rights were trampled on by everyone (the Government and Courts included)--ergo, he sent her a USB-Flash Drive that was broken, corrupt, and or otherwise contained no readable data. Moreover, had Mr. Breslin sent this information to her, and, especially had Mr. Green been made privy of the contents, then this thing would have "slid" all the way out of control. Again, Trial Counsel knew this, and that is why he wanted "[his] firm" "to continue to bring the cooperator 3500 material to Mr. Green so that he can review it for later conversations with Ms. Dolan". Quoting Id. at LL.

Although Mr. Breslin stated that it was only the "Cooperator 3500 materials" / and or that information covered by the protective order, that he would not be sending to Ms. Dolan, but instead continue to undertake to bring to Mr. Green, it should be noted that there was a lot more information than just this that was "never" given to Ms. Dolan.

Moreover, after Ms. Dolan was appointed to this Case, Mr. Green proceeded to "repeatedly" ask her to provide him with information pertaining to his Case; however, those requests were not honored. Later, Mr. Green would discover, along with everyone else involved in this Case, that the reason for this is that Ms. Dolan "never" was given this information.

What occurred here is that Mr. Green soon began to realize that Ms. Dolan was not being completely honest with him; that she was lying to and misleading him, just as did every other attorney before her. Mr. Green had just gone through similar difficulties with Trial Counsel, and that is why he had Trial Counsel relieved; so, he decided that it was in his best interest to again have the Court relieve yet another lawyer. [2] Mr. Green decided that his best chance at receiving the information that he had been seeking in this Case was for him to represent himself; so, that is what he did.

In November 2020, the District Court held a hearing (hereafter the "Nov. 17 Conference"), at which time the Court relieved Ms. Dolan from further representing Mr. Green in this matter; and, thereafter granted Mr. Green Pro Se status, with the appointment of Stand-by Counsel, under the condition that if Mr. Green later wished to proceed solely Pro Se, the Court would then honor that request.

Furthermore, at the December 8 conference, Mr. Green again apprised the District Court of his concerns with his repeated requests to every Attorney thus far to furnish and go over with him specific Case documents (e.g., 3500 materials, the Case File in general from Trial Counsel, and, but not limited to, correspondence between Trial Counsel and the Government). In response to the grievances of Mr. Green, the District Court stated, inter alia, that:

THE COURT: Well, I don't have any reason to believe that you didn't get everything you were entitled to before the trial began.

THE DEFENDANT: I didn't. I didn't..

Dec. 8 Conference Transcripts (hereafter "Dec. 8 Conf. Tr."), Pg. 28, LL 11-13. We now know that Mr. Green did in fact not get everything he was entitled to either before, during, and or after the trial was over. See, e.g., letter from Ms. Dolan to Stand-by Counsel, the attorney, Steven Witzel, dated December 20, 2020 (hereafter "Ms. Dolan's Dec. 20 Letter") (wherein Ms. Dolan informed, that the USB

---

[2] Prior to Ms. Dolan being assigned to, and then later removed from, this Case, Mr. Green had three different attorneys: First was the Attorney, Susan Walsh, who was later replaced by the attorneys, Eric R. Breslin and Melissa S. Geller, of the Law Firm of Duane Morris.

Flash-Drive that was supposed to contain, inter alia, Trial Counsels Client File for Mr. Green, was empty, corrupt, and or otherwise contained no readable data); also see Dec. 8 Conference Tr. (where Mr. Green called out Ms. Dolan for not being truthful with the District Court about whether or not Trial Counsel had sent her the Client File and discovery information. Therefore, it's evident that Ms. Dolan was lying to the Court about going over these things with Mr. Green, and that's because she never had them. Clearly a lawyer is unable to go over information with their client if they do not have the information to begin with). The truth is that Trial Counsel, nor Ms. Dolan ever provided Mr. Green with, nor went over with him, his discovery and similar related Case information. In fact, Mr. Green just recently started to receive the information that he's been asking for nearly five years; and, he still does not have it all. Since, the creation of this case the government has made it very difficult for Mr. Green to receive his discovery materials, by using shady obstacles and or crooked tactics; such as saying, "The government sent Mr. Green's discovery in this case to the WRONG jail." --Quoting Ms. Walsh 7/25/2017 letter to Mr. Green.

On November 17, 2020, the District Court held a hearing (hereafter the "Nov. 17 Conference"), at which time the Court relieved Ms. Dolan from further representing Mr. Green in this matter; and, granted Mr. Green Pro Se status, with the assistance of Standby-Counsel, under the condition that if Mr. Green later wished to proceed solely Pro Se, the court would honor that request - none of these things were granted.

Furthermore, Mr. Green even called Ms. Dolan out on her attempts to lie to and moreover mislead him and the District Court at the Nov. 17 Conference with respect to the Court's inquiry into whether or not Trial Counsel provided her with the necessary case information upon her appointment to this Case:

THE COURT: Ms. Dolan, did Mr. Breslin give you his file in this case?

MS. DOLAN: Yes, your Honor. He did?

THE COURT: Okay. And did that include the trial materials, the 3500 materials, the rule 16 discovery, et cetera?

MS. DOLAN: It did not include all of the 3500 material. [...] Mr. Breslin confirmed with me that all materials to which Mr. Green had been entitled were provided him if not once, then multiple times, and I also provided additional materials in response to numerous requests that Mr. Green made as well.

Nov. 17 Conf. Tr. Pg(s). 33-34. Mr. Green then went on to address this odious fallacy:

THE DEFENDANT: Well, one minute, I have something to say, your Honor. Ms. Dolan, you are an officer of the law, and you have a duty to seek justice. So, the Court is asking you right now, was Mr. Green provided any of this information, and you should be truthful. Are you misinforming the Courts once again? Because I have not received anything.

Id. at Pg. 34 LL 10-16.

Mr. Green knew all along that Ms. Dolan, as well as his previous Attorneys, had lied to the Courts .[3] Even though Ms. Dolan was continuing to lie to the Courts on the November 17, 2020 teleconference about providing him with this information, and going over with them necessary case documents and similar related information, either before during, and/or after trial. We actually have a letter [4] now from Ms. Dolan attesting to never even receiving this information from trial counsel, and regardless of whether Mr. Breslin or Ms. Geller intentionally sent her an empty or otherwise "unusable USB flash drive", the fact is that Mr. Green never received this information. Moreover, considering arguendo that the District Court did not then have good reason to believe that Mr. Green did not receive the information from his previous attorneys, it does so now.

Moreover, Mr. Green maintains that Trial Counsel intentionally did not send this information to Ms. Dolan. Trial Counsel knew that the information contained, within the documents and other relevant case materials, was very damaging for them: Because within Trial Counsels case file for Mr. Green, and the rest of the case documents / information (e.g., 3500 materials and other discovery materials), any Attorney, including Ms. Dolan who replaced Trial Counsel, would have easily seen from review of this information - coupled with Mr. Green's complaints (both oral and written) - that Mr. Green's rights were severely violated, and, that, inter alia, Federal and State crimes were also committed in the process. This is why Mr. Breslin stated at the Substitution Hearing that, "My firm will undertake to continue to

---

[3] All parties involved here knew or should have known that Ms. Dolan was lying on the November 17th,2020 teleconference, when she stated among other things that ," Mr. Breslin confirmed with me that all materials to which Mr. Green had been entitled were provided to him if not once, then multiple times", and that she (Ms. Dolan) "also provided additional materials in response to numerous requests that Mr. Green made as well". (Quoting Ms. Dolan on the November 2020 teleconference). The Court/and or the Government should have known that Ms. Dolan was yet once again misinforming the Courts on the "Nov. 17th teleconference" when she stated she provided Mr. Green with requested documents; because if the Courts would recall, Ms. Dolan sent a letter prior to the November 17th teleconference" dated: February 26, 2020 ("Ms. Dolan Feb. 26 letter", Docket No.852 ), stating inter alia, " The information/documents that Mr. Green is requesting from her (her meaning Ms. Dolan); she does not have this on hand, nor, was it in his case file when trial counsel provided it to Ms. Dolan".

[4] Upon Mr. Green receiving what is appears to be Ms. Dolan's client file for him in this case, in or around December 2020, provided by standby counsel, Mr. Witzel , she included an additional letter stating " The USB flash drive that Mr. Breslin sent that was supposed to contain Mr. Green's case file contained no readable data, and or was corrupted," therefore she could not open it, which means Ms. Dolan could not have known if any meritorious claims of Mr. Greens existed.

bring the cooperator 3500 material to Mr. Green [..] so that THIS THING does not SLIDE FURTHER". Quoting Sub. Csl. Hearing Tr. Pg. 5 LL 5-9. Moreover, this is why Trial Counsel never provided these things to Ms. Dolan, and, is the reason for the obvious dilatory tactics being employed to prevent Mr. Green from receiving this information in a "timely" manner.

Furthermore, as it relates to Ms. Dolan never saying anything to Mr. Green, and, lying to the District Court about the receipt of this information, Mr. Green maintains that she was simply doing what any and every other Attorney has done who has come into contact with this case; lie to help the Government, Court, and previous Attorneys, cover up the[systemic]/[egregious] violations of Mr. Green's rights and crimes that took place here. This raises serious concerns about the integrity of these proceedings. If an Attorney is scared off from zealously defending their client, as was the case here, then the client is, by virtue of the fear driven environment, has been deprived of, among other rights, their right to the effective assistance of counsel provided by the Sixth Amendment to the United States Constitution. This obviously poses serious problems.

Mr. Green has, since Mr. Breslin wrote his Feb. 16 Letter, received from Stand-by Counsel, the Attorney, Steven Witzel, some of Trial Counsels client file for Mr. Green; however, he's not received anything from Trial Counsel directly, in spite of Mr. Breslin's previous statements - in person, in Court, and in written submissions - that he would personally furnish Mr. Green with his client file, and other information that he seeks (e.g., messages between Trial Counsel and the Government).

Specifically, in Mr. Breslin's Feb. 16 Letter, Mr. Breslin stated, in response to Mr. Green's previous requests for correspondence between them and the Government, that,

"[W]e have collected that correspondence and are in the process of reviewing it. Once it has been reviewed, we will provide copies to Mr. Green and to Mr. Witzel." Quoting Id. Mr. Green has still not received all correspondence; not from Trial Counsel, nor Mr. Witzel, nor from anyone else.

As stated earlier, Mr. Green did receive some of what appeared to be portions of Trial Counsel's client file for this case; which was received from Mr. Witzel, not Trial Counsel. Moreover, Mr. Green submits that because he just recently started to receive these "voluminous" documents, he is not yet sure as to what else is still missing. Mr. Green submits that he has briefly looked over everything, and thus far realizes that he's still missing, inter alia, all the correspondence between Trial Counsel and the Government. Therefore, he's submitting this letter to document this, and his overall concerns regarding the struggles he has and continues to face here with respect to his trying to prove that he's been wrongfully convicted because of a complete breakdown in the administration of justice.

Respectfully Submitted,

_____

Brandon Green Reg. # 56400-054

Defendant, Pro Se

Brandon Green 56460054
MDC Brooklyn
Metropolitan Detention Cu
P.O. Box 329002
Brooklyn NY 11232

7020 0640 0001 7136 5347

CERTIFIED MAIL

USPS 1000
10007

U.S. POSTAGE PAID
FCM LETTER
BRONX, NY
10461
MAY 19, 21
AMOUNT
$3.25
R2305M146866-35

Clerk of Court Crim Dkt Jr
500 Pearl St.
New York, NY 10007

10007-131699