UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

BRANDON GREEN,

Defendant.

**ORDER**

(S5) 16 Cr. 281 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On March 27, 2019, a jury convicted Defendant Brandon Green of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); narcotics conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count Four); and using, carrying, and possessing firearms during and in relation to, and in furtherance of, the narcotics conspiracy charged in Count Four, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five).  (Verdict (Dkt. No. 570))  The jury's verdict was premised on Green's participation in the Blood Hound Brims, a Bloods gang engaged in large-scale narcotics trafficking and acts of violence.[1]  As discussed in a separate order, while sentencing is currently scheduled for June 17, 2021, sentencing will be adjourned to July 22, 2021, to permit the parties to address issues related to the Pre-Sentence Report's Sentencing Guidelines calculations.

Green has moved pro se for (1) recusal (Dkt. No. 955); (2) reconsideration of this Court's February 10, 2021 Order stating that Green's ineffective assistance of counsel claims will not be heard prior to sentencing (Dkt. No. 956); and (3) release on bail pending sentencing (Dkt. No. 931).  For the reasons stated below, Green's motions will be denied.

---

[1]  The evidence at trial is discussed in detail in this Court's memorandum opinion and order addressing Green and his co-defendants' post-trial motions.  (See Sept. 17, 2019 Mem. Op. & Order (Dkt. No. 743))

## BACKGROUND[2]

In pro se submissions and at a November 17, 2020 conference, Green stated that he wished to pursue ineffective assistance of counsel claims against (1) his court-appointed lawyers at trial – Eric Breslin and Melissa Geller of Duane Morris LLP; and (2) Zoe Dolan, whom he retained as their replacement.  (See Green Sent. Mem. (Dkt. No. 760); Dec. 6, 2019 Green Ltr. (Dkt. No. 819); Nov. 17, 2020 Conf. Tr. (Dkt. No. 913))  These lawyers no longer represent Green in any capacity.[3]

In a November 19, 2020 order, this Court granted Green's request to hear his ineffective assistance of counsel claims as part of a Rule 33 motion prior to sentencing, and instructed Green to complete the "Attorney-Client Privilege Waiver (Informed Consent)" form appended to the order and to "set forth all of his allegations concerning Breslin, Geller, and Dolan's advice and conduct in the form of an affidavit."  (Nov. 19, 2020 Order (Dkt. No. 907) at 7-8)[4]  The Court's order required Green to return the executed waiver form and submit his

---

[2]  The Court assumes familiarity with the post-trial procedural history, which is set forth in this Court's orders dated November 19, 2020 (Dkt. No. 907) and February 10, 2021 (Dkt. No. 950).

[3]  On July 18, 2019, Green submitted pro se motions stating that he wished "to discharge his [trial] Counsel in this matter" and to proceed pro se.  (Dkt. No. 701)  Green subsequently retained Zoe Dolan to represent him, however, and she filed a notice of appearance on July 22, 2019. (Dkt. No. 690)  At a July 25, 2019 conference, Green confirmed that he wanted to discharge his trial counsel – Breslin and Geller – and to proceed with Zoe Dolan as his lawyer, and the Court granted his application.  (July 25, 2019 Conf. Tr. (Dkt. No. 845) at 6; see July 25, 2019 Order (Dkt. No. 705))  At a November 17, 2020 conference, however, Green stated that he wished to discharge Dolan and to proceed pro se, and this Court granted Dolan's motion to withdraw.   (Nov. 17. 2020 Conf. Tr. (Dkt. No. 913) at 34-35)  Steven Witzel of Fried Frank was then appointed to represent Green as standby counsel, pursuant to the Criminal Justice Act.  (Id. at 42-43; Dkt. Nos. 906, 912)

[4]  The page numbers in this Order refer to the designated page numbers in this District's Electronic Case Files ("ECF") system.

affidavit by December 9, 2020.  (Id. at 8)  Green did not submit either the executed waiver form

or the affidavit by December 9, 2020.

        At a January 5, 2021 conference, Green asserted that he had not received either

the Court's November 19, 2020 order directing him to submit the waiver form and affidavit, or

the waiver form attached to the November 19, 2020 order.  (Jan. 5, 2021 Conf. Tr. (Dkt. No.

929) at 5)  After directing both defense counsel and the Government to take steps to ensure that

Green had the waiver form, the Court warned Green that the submission of the waiver form and

affidavit was a prerequisite to this Court hearing his ineffective assistance of counsel claims, and

that if these documents were not submitted, the Court would proceed to sentencing.  (Id. at 7-9)

The Court extended the deadline for Green's submission of the executed waiver form and

affidavit to February 9, 2021.  (Id. at 10; Jan. 5. 2021 Order (Dkt. No. 923))  Defense counsel

"sent Mr. Green the Order, the waiver form and a self-addressed stamped envelope with a letter

informing [Green] that [counsel] would file the signed waiver on the docket for him if he

returned it to [counsel]."  The Government sent these same materials to Green.[5]  (Jan. 26, 2021

Def. Ltr. (Dkt.No. 936))

        On January 26, 2021, Green filed a pro se motion for bail pending sentencing.

(Jan. 26, 2021 Def. Ltr. (Dkt. No. 931))  The Government opposes Green's bail application.

(Dkt. No. 939)[6]

---

[5]  In a January 15, 2021 pro se submission, Green renewed his complaints about his former
lawyers and asserted that "the Court prematurely ruled" on the Rule 29 and Rule 33 motions
submitted by trial counsel, and that "the Court should have given Ms. Dolan and Mr. Green an
opportunity to amend/suppress the Rule(s) 29 and 33 submission."  (Dkt. No. 951)  Dolan was
permitted to file a motion for reconsideration of this Court's decision concerning Green's post-
trial motions, however.  See Dkt. No. 746.

[6]  In a February 3, 2021, submission, Green states that he intends to reply to the Government's
opposition to his bail motion.  (Dkt. No. 948)  The Court directed Green to submit any reply in
support of his bail application by February 23, 2021.  (Dkt. No. 949)  In a February 23, 2021

This Court did not receive an executed waiver form and affidavit from Green by February 9, 2021.  Accordingly, in a February 10, 2021 Order, this Court ruled that it would not consider Green's ineffective assistance of counsel claims prior to sentencing, and vacated its November 19, 2020 Order to the extent that it provides otherwise.  (Feb. 10, 2021 Order (Dkt. No. 950) at 4)  The Court also set a sentencing date of June 8, 2021.  (Id. at 5)[7]

On February 23, 2021, Green submitted pro se motions for recusal (Green Recusal Br. (Dkt. No. 955)) and for reconsideration of this Court's February 10, 2021 Order. (Green Reconsideration Br. (Dkt. No. 956))  The Government filed its opposition on March 18, 2021 (Mar. 18, 2021 Govt. Ltr. (Dkt. No. 969)), and Green filed a reply on March 25, 2021. (Green Recusal Reply (Dkt. No. 976))

## DISCUSSION

## I.   RECUSAL MOTION

### A.   Legal Standard

Pursuant to 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a), (b)(1).  The Second Circuit has stated that recusal under Section 455 "requires a showing that would cause 'an objective, disinterested observer fully informed of the underlying facts [to] entertain significant doubt that justice would

---

letter, Green states that "he has chosen to hold off on responding to the Government's Opposition to his Bail Request – at least until the Motion to Recuse is filed and ruled upon." (Dkt. No. 954)

[7] Green's executed attorney-client privilege waiver form was received by the Clerk's Office on February 12, 2021, and placed on the docket on February 16, 2021.  (Waiver Form (Dkt. No. 953))  His affidavit concerning his former lawyers' alleged ineffective assistance was docketed on February 26, 2021, as part of a filing that includes his recusal motion.  (Feb. 23, 2021 Green Aff. (Dkt. No. 955) at 41-58)

be done absent recusal.'" In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001) (quoting United States v. Lovaglia, 954 F.2d 811, 815 (2nd Cir. 1992)).  However, "remote, contingent, indirect or speculative" allegations are insufficient to cast doubt on a judge's impartiality.  Lovaglia, 954 F.2d at 815.  Moreover, the Supreme Court has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion":

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Liteky v. United States, 510 U.S. 540, 555 (1994) (emphasis in original).

"[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited."  In re Aguinda, 241 F.3d at 201 (citing In re Dexel Burnham Lambert, Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.")).

## B.   **Analysis**

Green contends that he is entitled to recusal because of (1) this Court's February 10, 2021 Order stating that his ineffective assistance of counsel claims would not be heard prior to sentencing; and (2) the Court's "conduct and behavior" towards Green.  (Green Recusal Br. (Dkt. No. 955) at 30)

According to Green, the Court's February 10, 2021 Order stating that his ineffective assistance of counsel claims would not be heard before sentencing is "completely

arbitrary," and is "the result of the bias and prejudice harbored by the Judge against Mr. Green." (Id. at 32)

This Court warned Green – at the outset of his claims of ineffective assistance – that ineffective assistance claims are typically heard post-direct appeal, and that Green's sentencing would not be delayed indefinitely while Green pursued his ineffective assistance claims. (Nov. 17, 2020 Conf. Tr. (Dkt. No. 913) at 37-38, 45-46)

Given that the jury's verdict had been issued on March 27, 2019 (Verdict (Dkt. No. 570), and this Court's decision denying Green's post-trial motions had been issued on September 17, 2019 (Dkt. No. 743), this Court informed Green – both at a January 5, 2021 conference (Dkt. No. 929) and in a January 5, 2021 order (Dkt. No. 923) – that if he did not submit an executed attorney-client waiver form and an affidavit setting forth his claims of ineffective assistance by February 9, 2021, the Court's November 19, 2020 order allowing Green to proceed with his ineffective assistance claims prior to sentencing "will be vacated, and this Court will set a date for sentencing." (Id.) Green did not timely submit either the waiver form or his affidavit.[8] Accordingly, in a February 10, 2021 order, this Court vacated its earlier order

---

[8] Green claims that his submission of the waiver form was timely under the "prison mailbox rule." (Green Reconsideration Br. (Dkt. No. 956) at 5; Green Recusal Br. (Dkt. No. 955) at 33) The "prison mailbox rule" commonly applies to pro se habeas petitions such that petitions are deemed filed on the date that the petitioner "delivers the [petition] to prison officials" for mailing. See Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001). Courts in this Circuit have "extended the . . . prison mailbox rule . . . to a number of other federal filing requirements," including civil complaints and administrative complaints. See Walker v. Jastremski, 430 F.3d 560, 562 (2d Cir. 2005); see also Singleton v. Fischer, No. 11 CIV. 1496 GBD JCF, 2013 WL 1339051, at *2 n.5 (S.D.N.Y. Apr. 3, 2013) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). Here, Green was represented by standby counsel, who stood ready to ensure that Green's waiver form was timely submitted. Indeed, counsel provided Green with a stamped, self-addressed envelope for that purpose. (Jan. 26, 2021 Def. Ltr. (Dkt. No. 936)) In any event, Green's argument is moot, because the Court's January 5, 2021 Order requires that he submit – by February 9, 2021 – both an executed waiver form and an affidavit setting forth his claims of

permitting Green to proceed with ineffective assistance claims prior to sentencing, and set a date for sentencing.  (Dkt. No. 950)

Nothing about this sequence of events provides any basis for recusal.  "[A] court's careful enforcement of its rulings does not reflect partiality," United States v. Wedd, 993 F.3d 104, 118 (2d Cir. 2021), and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Litkey, 510 U.S. at 555; see United States v. Colon, 961 F.2d 41, 44 (2d Cir. 1992) ("[E]arlier adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality.").

Green also argues that recusal is warranted based on this Court's "conduct and behavior."  (Green Recusal Br. (Dkt. No. 955) at 30)  According to Green, his most recent court-appointed lawyer – Steven Witzel – told Green after a December 8, 2020 conference, "You know, [the Court] is not too fond of you."  (Id. at 16, 30)[9]  Green also asserts that the Court was "angr[y]" and "hostil[e]" to Green during a January 5, 2021 telephone conference, and that the Court disconnected from the call while Green was speaking.  (Id. at 18, 30, 32-33)  And Green argues that the Court's alleged bias "has been pretty apparent from the [Court's] tone, demeanor,

_____

ineffective assistance (Dkt. No. 923), and it is undisputed that the affidavit was not submitted and docketed until February 26, 2021.  (Feb. 23, 2021 Green Aff. (Dkt. No. 955)) at 41-58)

[9]  During the December 8, 2020 conference, the undersigned disclosed that he had worked with Witzel in the U.S. Attorney's Office many years ago, but that they "[had] not had any substantive communication in probably 20 or more years."  (Dec. 8, 2020 Conf. Tr. (Dkt. No. 925) at 2)  It does not appear that Green seeks recusal based on this disclosure.  (See Green Recusal Br. (Dkt. No. 955) at 30)  In any event, the fact that this Court and Witzel worked in the same large U.S. Attorney's Office twenty-five years ago provides no basis for recusal.  See United States v. Oluwafemi, 883 F. Supp. 885, 893 (E.D.N.Y. 1995) (judge and defense counsel worked together in the U.S. Attorney's Office, which the judge had left a year earlier; held that judge could properly preside over case in which the former co-worker appeared as counsel (citing Kendrick v. Carlson, 995 F.2d 1440, 1444 (8th Cir. 1993))).

and . . . attempts to discourage Mr. Green['s] attempts to rectify the violations of his rights that occurred in this Case." (Id. at 30)

        As an initial matter, this Court has presided over Green's case since 2017, including at a five-week trial. There was never any hint or suggestion at any point before, during, or in the aftermath of trial that Green or any lawyer representing Green believed that the Court was "angry," "hostile," or biased against Green. Four and a half years into these proceedings – after Green has dismissed four sets of lawyers and sought to proceed pro se, and after this Court has refused his request to further delay his sentencing after nearly two years of delay – Green now asserts that the Court is biased. But the record does not demonstrate bias or hostility towards Green.

        The January 5, 2021 telephone conference cited by Green (id. at 18, 30, 32-33) was conducted telephonically in the midst of the COVID-19 pandemic. The Court began the conference by noting that it had issued an order on November 19, 2020, directing Green to submit an attorney-client privilege waiver form, and that as of January 5, 2021, Green had not submitted the waiver form. (Jan. 5, 2021 Tr. (Dkt. No. 929) at 3) Green's counsel informed the Court that Green's "position is that he does not want to sign that [form] and proceed with his ineffective assistance claims . . . until he has received all the information he has requested." (Id.) In sum, Green's counsel told the Court that Green had decided to deliberately disobey the Court's order as to the submission of the waiver form.

        The Court then asked, "Is that true, Mr. Green?" Instead of answering the Court's question, Green responded by stating that "[t]here are many reasons why I would like to be given my case file and all of the documents. . . ." (Id.) Because Green had not answered the Court's question, and because his request for documents had been the subject of numerous prior letters as

well as discussion at conferences, this Court insisted that Green address whether he had refused to sign the waiver form:

> I asked you – sir, sir, don't interrupt me. I [a]sked you a yes-or-no question. Is it true that you are not prepared to sign the waiver form at this point? And while you are thinking about that, let me tell you the consequences of that.
>
> The jury convicted you on March 27, 2019. Today's date is January 5, 2021. I can't delay your sentencing forever. I issued an order on November 19, 2020, telling you that if you wanted to proceed with your claims of ineffective assistance of counsel at this point, you had to complete the waiver form as well as an affidavit setting out all your claims and submit that by December 9, and you didn't do it. So what I am telling you now is, if you don't do it very soon, I'm not going to hear the ineffective assistance claim now, I'm going to proceed to sentence, and you will have to pursue your ineffective assistance claims pursuant to a habeas corpus petition. That's where we are at.
>
> So I will give you another week to complete the privilege form and to prepare the affidavit. But if I don't receive the privilege waiver form as well as the affidavit within a week's time, I'm going to put the matter down for sentencing.

(Id. at 4)

Although Green's lawyer stated that he had refused to sign the waiver form, Green went on to claim that he had never received the waiver form. (Id. at 3, 5) Green repeatedly interrupted the Court at this point during the conference, and the Court threatened to terminate the conference if his behavior continued. (Id. at 6) The Court then directed both defense counsel and the Government to take steps to ensure that Green had the waiver form, and the Court extended Green's time to submit the waiver form and affidavit to February 9, 2021 – five weeks away. (Id. at 7-11) The Court reiterated that if the waiver form and affidavit were not submitted by February 9, 2021, the Court would proceed to sentencing:

> So just to reiterate, by February 9, I want to hear from Mr. Green and from his counsel whether a privilege waiver form has been executed, signed, and also the preparation of the affidavit that is discussed in my November 19 order. And as I have said, my intention is that if the waiver form hasn't been completed at that time and the affidavit has not been prepared, my intention is to put the matter down for sentencing because I can't delay sentencing indefinitely.

(Id. at 10-11)[10]

        Green then began a monologue about the ineffective assistance provided by his

trial counsel and Zoe Dolan, whom he had retained post trial.  (Id. at 11-12)  The purpose of the

conference was not to hear Green's complaints about his prior lawyers, however, particularly

given that he had failed to execute the attorney-client waiver form.  Accordingly, the Court

stated:  "[w]e are not going to hear a speech from you."  Green insisted on giving a speech,

however, stating that he had "a right to be heard here."  (Id. at 12)  He then went on to complain

that he needed additional time to address the failings of his former lawyers:

> Now, this case has been going on for four years now.  I had three – I had four different
> lawyers on the record – Suzanne Walsh, Eric Breslin, Melissa Geller, and Zoe Dolan.  So
> for me to have only a week's time to review all of this information and to submit an
> affidavit is not fair, because it is four years' worth of stuff that I have to put in this
> affidavit. . . .

(Id. at 13)  The Court had already stated, however, that Green would have until February 9, 2021

– five weeks – to sign the waiver form and complete his affidavit.  (Id. at 10-11)

        Green then demanded that the Court stay the proceedings, which had already been

delayed for nearly two years:

> As I have stated, I do not trust any of these lawyers, all of whom have lied to me or
> misinformed me in some way, shape, or form.  So until I am provided the information I
> have been requesting from everyone here over a year now that helps me support my
> collateral attack and prove my innocence, I do not wish to proceed here.  I wish to stay
> any proceedings.  And justice should have it no other way.  The world is crying out for
> justice and change, a change that's long overdue, a change in our law enforcement
> administration and justice in our judiciary system.

(Id. at 14)

---

[10]  As discussed above, neither the waiver form nor the affidavit was submitted by the February
9, 2021 deadline.

Green then turned to the George Floyd case, asserting that "this entire case is equivalent to me being suffocated by a knee to the back of my neck."  (Id.)  Green asserted that this Court was turning "a blind eye on the prejudices [he had] suffer[ed]," and that he would be sentenced on the basis of "fictionous [sic] crimes."  (Id. at 15)  Green then referenced Nelson Mandela, at which point this Court terminated the conference.  (Id. at 15-16)

Nothing that occurred during the January 5, 2021 conference demonstrates that recusal is appropriate.  The conference instead demonstrates that Green had disobeyed the Court's order to submit an executed waiver form and affidavit setting forth his allegations against his former lawyers.  The Court nonetheless gave Green five additional weeks to submit these materials, which were not submitted in accordance with the extended deadline.  Green interrupted the Court multiple times during the conference, and then insisted on delivering a monologue about matters that were not the subject of the conference, including his grievances against his former lawyers, and his views concerning the George Floyd case and the oratory of Nelson Mandela.  The Court terminated the conference because Green's speech served no useful purpose.

"Partiality cannot be established through 'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.'  Moreover '[a] judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune' from challenge under Section 455(a)."  Wedd, 993 F.3d at 115 (quoting Liteky, 510 U.S. at 555-56).

Because Green has provided no basis for this Court to recuse itself, his recusal motion will be denied.  In re Aguinda, 241 F.3d at 201.

## II.      MOTION FOR RECONSIDERATION

In its February 10, 2021 Order (Dkt. No. 950), this Court ruled that Green's

ineffective assistance of counsel claims would not be heard prior to sentence.  (Feb. 10, 2021

Order (Dkt. No. 950) at 4-5)  Green seeks reconsideration of the February 10, 2021 Order,

arguing that reconsideration is "necessary in [o]rder to prevent a manifest injustice," because the

Court's decision is "completely arbitrary and unreasonable," and is the "result of judicial bias

and prejudice" against him.  (Green Reconsideration Br. (Dkt. No. 956) at 5)

### A.      Legal Standard

"The decision to grant or deny a motion for reconsideration is within the sound

discretion of the district court."  Patterson v. United States, No. 04 Civ. 3140 (WHP), 2006 WL

2067036, at *1 (S.D.N.Y. July 26, 2006) (citing McCarthy v. Manson, 714 F.2d 234, 237 (2d

Cir. 1983)).[11]  To grant such a motion is an "extraordinary remedy to be employed sparingly in

the interests of finality and conservation of scarce judicial resources."  In re Health Mgmt. Sys.

Inc. Secs. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).  "The major

grounds justifying reconsideration are an intervening change of controlling law, the availability

of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin

Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation

marks and citation omitted).

---

[11]  "The applicable standard for a reconsideration motion in a criminal case is the same as the
civil standard under Rule 6.3 of the Local Civil Rules of the United States District Courts for the
Southern and Eastern Districts of New York."  United States v. Kerik, 615 F.Supp.2d 256, 276 n.
27 (S.D.N.Y.2009).

B. <u>Analysis</u>

To the extent that Green argues that the February 10, 2021 Order "was the result of judicial bias and prejudice harbored by the [Court]," (Green Reconsideration Br. (Dkt. No. 956) at 5), as discussed above, Green has offered no evidence of bias, prejudice, or hostility.

As to Green's "manifest injustice" argument (<u>see id.</u>), Green has likewise made no showing that he will suffer a "manifest injustice" if his ineffective assistance claims are not heard prior to sentencing. Indeed, ineffective assistance of counsel claims are almost always heard after direct appeal, pursuant to a <u>habeas corpus</u> petition brought under 28 U.S.C. § 2255. <u>See Massaro v. United States</u>, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."); <u>United States v. Fleurimont</u>, 401 F. App'x 580, 583 (2d Cir. 2010) ("[W]e begin with a 'baseline aversion to resolving ineffectiveness claims on direct review.'" (quoting <u>United States v. Salameh</u>, 152 F.3d 88, 161 (2d Cir. 1998))); <u>United States v. Morris</u>, 350 F.3d 32, 39 (2d Cir. 2003) (declining to review an ineffective assistance of counsel claim prior to a Section 2255 petition); <u>Rigas v. United States</u>, No. 11-CV-6964 KMW, 2015 WL 3403861, at *14 (S.D.N.Y. May 15, 2015) ("'[C]ollateral issues such as the effectiveness of trial counsel" should not be heard in a Rule 33 motion.).

Although this Court initially ruled that it would hear Green's ineffective assistance claims prior to sentencing (Nov. 19, 2020 Order (Dkt. No. 907) at 7), additional months of delay ensued, because Green refused to submit the necessary attorney-client privilege waiver form and an affidavit setting forth his allegations regarding his lawyers' alleged failings. The Court's initial deadline of December 9, 2020 passed with no submission from Green. The Court then extended the deadline to February 9, 2021. (Jan. 5, 2021 Conf. Tr. (Dkt. No. 929) at

10; Jan. 5, 2021 Order (Dkt. No. 923))  The Court explicitly warned Green that it could not delay his sentencing – already delayed for nearly two years – indefinitely, and that if he did not submit the executed waiver form and affidavit by February 9, 2021, the Court would proceed to sentencing.  (Jan. 5, 2020 Conf. Tr. (Dkt. No. 929) at 10-11; Jan. 5, 2021 Order (Dkt. No. 923)) Despite these warnings, Green did not comply.  Accordingly, the Court vacated its earlier order and set a date for sentencing.  (See Feb. 10, 2021 Order (Dkt. No. 950))[12]

Green has not shown an intervening change in facts or law, or any error or injustice that would justify reconsideration.  Accordingly, his motion for reconsideration will be denied.

## III.  MOTION FOR BAIL PENDING SENTENCING

Green contends that he should be released on bail pending sentencing, arguing that he is not a flight risk, that he is at risk from the COVID-19 virus, and that release on bail is necessary so that Green can pursue his ineffective assistance of counsel claims.  (Green Bail Br. (Dkt. No. 931) at 1-2)

### A.  Legal Standard

For crimes involving possession or use of a firearm or controlled substances for which a maximum term of imprisonment of ten years or more is prescribed, Section 3143(a)(2) of the Bail Reform Act significantly restricts the availability of bail pending sentencing.  Section 3143(a)(2) provides that a

---

[12]  Green states that he could not submit his affidavit because, inter alia, he did not have access to printers or typewriters at the Metropolitan Detention Center, where he is housed.  (Green Recusal Br. (Dkt. No. 955) at 20)  But Green has made dozens of submissions to the Court over the past year.  (See Dkt. Nos. 854, 887, 889, 890, 891, 892, 893, 894, 895, 896, 902, 903, 904, 905, 909, 908, 928, 931, 932, 933, 934, 937, 938, 940, 941, 942, 943, 944, 946, 948, 951, 952, 953, 954, 955, 956, 957, 963, 965, 966, 970, 976, 977, 990, 991, 994, 996, 997, 999, 1000, 1002, 1003, 1005, 1006, 1008, 1009, 1010)

judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –

>   (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
>   (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
>   (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).  The offenses listed in Section 3142(f)(1) include "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," and "any felony . . . that involves the possession or use of a firearm. . . ."  18 U.S.C. § 3142(f)(1)(C), (E).

The Bail Reform Act thus "establishes a presumption in favor of detention" for defendants who have been found guilty of controlled substances and firearms offenses, whether by plea or at trial.  See United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004) ("Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal." (internal quotation marks omitted)).  "To secure release on bail after a guilty verdict, a defendant must rebut this presumption with clear and convincing evidence that he is not a risk of flight or a danger to any person or the community."  Id.

However, "[a] person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  18 U.S.C. § 3145(c).

B.    **Analysis**

At trial, Green was convicted of, inter alia, conspiring to distribute five kilograms of cocaine, 280 grams of crack cocaine, and one kilogram of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and using and carrying a firearm during and in relation to, and in furtherance of, the charged narcotics conspiracy, in violation of 18 U.S.C. § 924(c).  (Verdict (Dkt. No. 570)  The narcotics conspiracy charge is "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," and Green's Section 924(c) conviction constitutes a "felony . . . that involves the possession or use of a firearm."  18 U.S.C. § 3142(f)(1)(C), (E).  Accordingly, Green's application for bail is governed by Section 3143(a)(2).

Green has not satisfied any of the requirements of Section 3143(a)(2).  As an initial matter, this Court has denied Green's Rule 29 and Rule 33 motions (Sept. 17, 2019 Mem. Op. & Order (Dkt. No. 743) at 56-63),[13] and the Government is seeking a term of imprisonment amounting to decades.  (Govt Sent. Br. (Dkt. No. 757) at 3; Feb. 2, 2021 Govt. Ltr. (Dkt. No. 939)  Green has likewise not shown by clear and convincing evidence that he is neither a flight risk nor a danger to the community.  To the contrary, there was overwhelming evidence at trial demonstrating that Green is a danger to the community, both as a large-scale supplier of narcotics and as a supplier of firearms.  (Sept. 17, 2019 Mem. Op. & Order (Dkt. No. 743) at 61-63)  As to flight risk, Green fled to Bridgeport, Connecticut after the Indictment was unsealed.  (Id. at 32)  Six firearms, a phony driver's license, and drug paraphernalia were recovered in his Bridgeport apartment.  (Id.)

---

[13]  Although this Court has not yet ruled on a motion for reconsideration submitted by Green's former counsel Zoe Dolan, Dolan's reconsideration motion does not address Green's narcotics conspiracy and firearms convictions.  (See Dkt. No. 746)

Where, as here, a defendant has not satisfied the requirements of Section 3143(a)(2), the "only escape hatch . . . is found in 18 U.S.C. § 3145." <u>United States v. Schlesinger</u>, No. CR. 02-485 (ADS) (ARL), 2005 WL 1657043, at *2 (E.D.N.Y. June 8, 2005). Green has not provided "exceptional reasons" why detention is not appropriate. 18 U.S.C. § 3145(c). While Green contends that his alleged chronic kidney condition renders him susceptible to the COVID-19 virus (Green Bail Br. (Dkt. No. 931) at 1), as of June 16, 2021, no inmates and three staff members at the Metropolitan Detention Center are positive for the COVID-19 virus. <u>See</u> Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed June 16, 2021). Moreover, 658 inmates and 147 staff members have been fully vaccinated against the COVID-19 virus. <u>Id.</u> In sum, Green has not shown that his medical condition and the COVID-19 pandemic constitute an exceptional reason justifying his release pending sentencing.

Green further contends that his release is necessary to permit him to review sensitive Section 3500 material in connection with his ineffective assistance claims. (<u>See</u> Green Bail Br. (Dkt. No. 931) at 1-2) But given that Green's ineffective assistance claims will not be heard prior to sentencing, Green has no immediate need for access to those materials. In any event, Green's desire to review Section 3500 material does not constitute an exceptional reason justifying his release pending sentencing.

Green's application for bail pending sentencing will be denied.

## **CONCLUSION**

For the reasons stated above, Green's motions for (1) recusal, (2) reconsideration,

and (3) bail pending sentencing are denied.  The Clerk of Court is directed to mail a copy of this

decision to Defendant Green.

Dated: New York, New York
       June 16, 2021                          SO ORDERED.

                                              Paul G. Gardephe
                                              United States District Judge