UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

BRANDON GREEN,

                Defendant.

**ORDER**

16 Cr. 281 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Defendant Brandon Green was convicted at trial of, inter alia, participating in a racketeering conspiracy. The charges against Green arose out of his membership in the Blood Hound Brims, a Bloods gang involved in drug trafficking and acts of violence. With respect to the racketeering conspiracy charge, the jury found that Green had committed at least two predicate offenses that constitute a "crime of violence." The jury concluded, however, that the Government had not proven beyond a reasonable doubt that "the pattern of racketeering activity that the defendant agreed would be committed involved [1] attempted murder or conspiracy to commit murder. . . . [or] [2] robbery, attempted robbery, or conspiracy to commit robbery under either Federal or New York law." (See Verdict Form (Dkt. No. 570))

        Although the jury found that the Government had not proven attempted murder or conspiracy to commit murder as to Green – offenses that are predicated on an alleged plot to murder David Cherry, a/k/a "Showtime" – the Government argues that the evidence at trial establishes Green's participation in this murder plot by a preponderance of evidence, and that Green's sentencing exposure under the Sentencing Guidelines should be calculated based on, inter alia, this alleged conduct. (Govt. Sent. Br. (Dkt. No. 757) at 13, 20)

The Presentence Investigation Report's calculations for Count One, racketeering conspiracy, are predicated on Green's involvement in the alleged plot to murder Cherry.[1] (PSR (Dkt. No. 755) ¶¶ 26, 27, 47-49, 52)  Green objects to the inclusion of the alleged attempted murder and murder conspiracy offenses in the PSR's Sentencing Guidelines calculation. (Id. at pg. 32; Green Addendum to PSR (Dkt. No. 905) at 2-3)

As discussed in this Court's September 17, 2019 Memorandum Opinion & Order concerning Green and his co-defendants' post-trial motions, the Government's claim that Green conspired to murder Cherry is premised on the testimony of gang member Michael Adams. At trial,

> Adams . . . described Green's participation in an alleged plot to murder David Cherry, a/k/a "Showtime," the former acting [Godfather] of the [Blood Hound Brims]. Adams learned at a powwow held shortly after his release from prison that Johnson had declared that "Showtime" – whom Adams had never met – was a "plate." (Tr. 228, 229-30) (Adams))  A couple of weeks after the powwow, Adams – who was at a party in the Bronx with several other [Blood Hound Brim] members, including his brother Doc and [a Blood Hound Brim member who used the name] Puff – met a man who introduced himself as a "Brim" named "Showtime." (Tr. 230-31 (Adams))  Concerned that this individual might be the "Showtime" discussed at the powwow, Puff called Johnson. At Johnson's direction, Puff and Adams induced "Showtime" to accompany them out to the sidewalk. (Tr. 232 (Adams))  A van driven by Green pulled up. A passenger in the van pointed a shotgun out of the window, directly at "Showtime."  Green got out of the van, looked at "Showtime," got back in the vehicle, and drove away. (Tr. 232-33 (Adams))  A reasonable jury could have inferred that the "Showtime" at the party was not the "Showtime" who had been declared a "plate."

(Sept. 17, 2019 Mem. Op. & Order (Dkt. No. 743) at 33-34)[2]

Adams testified that neither he nor Michael Evans, a/k/a "Puff," "knew what Showtime looked like." (Trial Tr. 231)  Although Adams was a member of the Blood Hound

---

[1] The racketeering conspiracy in Count One is also premised on narcotics trafficking. (See Verdict Form (Dtk. No. 570))  However, that conduct is grouped, for Sentencing Guidelines purposes, with Count Four, the narcotics conspiracy. U.S.S.G. §§ 2E1.1, 3D1.2.

[2] As discussed in this Court's Opinion, in Blood Hound Brims parlance, a "plate" is "[s]omeone who's exiled" from the gang, has becomes an "enemy" of the gang, and is liable to be attacked by any gang member on sight. (Sept. 17, 2019 Mem. Op. & Order (Dkt. No. 743) at 8 n.9)

Brims from 2005 to 2016 (Sept. 17, 2019 Mem. Op. & Order (Dkt. No. 743) at 4-5 (citing Tr. 155)), he was recruited to the gang while in prison and was incarcerated from 2005 to 2011. (Adams PSR (Dkt. No. 126) ¶ 107)  Because Cherry's membership in the gang was terminated in August 2010, it is plausible that Adams had not met and would not recognize Cherry.  As to Michael Evans, a/k/a "Puff," however, former Blood Hound Brims member Thomas Morton testified that Cherry had introduced Morton to Puff, and that Puff and Cherry had met in person. (Trial Tr. 1271-72)  In its sentencing brief, the Government does not address Morton's testimony, which casts doubt on Adams' account regarding the alleged plot to murder Cherry. (Govt. Sent. Br. (Dkt. No. 757) at 14; see also PSR ¶ 28)

    Based on this record, this Court cannot find by a preponderance of the evidence that Green attempted to murder Cherry, or that he participated in a conspiracy to murder Cherry. By **June 21, 2021,** the Government will submit a letter setting forth any additional evidence concerning Green's involvement in the alleged plot to murder Cherry.  The Government will also specify what other acts of violence it claims should form the basis for the Guidelines calculations regarding Count One, and submit what it contends are the appropriate Guidelines calculations for Count One if the alleged plot to murder Cherry is disregarded.

    Defendant will file any response to the Government's letter by **July 9, 2021.**

    The sentencing of Defendant Brandon Green, currently scheduled for June 17, 2021, is adjourned to **July 22, 2021 at 12:00 p.m.** in Courtroom 705 of the Thurgood Marshall

United States Courthouse, 40 Foley Square, New York, New York.

Dated: New York, New York
June 16, 2021

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge