

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 18, 2021

**BY ECF AND EMAIL**

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Brandon Green*, S5 16 Cr. 281 (PGG)

Dear Judge Gardephe:

    The Government writes in response to the Court's Order dated June 16, 2021 (Dkt. 1025) (the "Order") related to the sentencing of Brandon Green. The Court directed the Government to address: (1) whether there is any additional evidence concerning Green's involvement in the alleged plot to murder David Cherry, a/k/a "Showtime;" (2) what other acts of violence should form the basis for the Guidelines calculation for Count One, racketeering conspiracy; and (3) what the appropriate Guidelines calculations are for Count One if the conspiracy to murder Cherry is disregarded. In addition to the forgoing questions, the Government will also address a revision to the Presentence Investigation Report's computation of Green's criminal history which we believe is necessary.

    The Court's Order accurately summarized the Government's evidence regarding Green's involvement in the plot to murder Cherry, which consists of the testimony of Michael Adams. The record does not contain other evidence of acts of violence committed by Green.[1]

    In preparation for sentencing, the Government has re-examined the Guidelines criminal history computation for Green, taking into consideration what the record shows about when Green commenced his involvement in the offenses of conviction. The evidence at trial demonstrated that Green was a member of Blood Hound Brims at least in 2010, and that in or

---

[1] The Government has requested that the Court include the Club Heat incident in the PSR, in particular because it describes how after they left Club Heat, Johnson, Green, and other BHB members went to obtain a gun to retaliate, and Green was in possession of a gun (*see* Gov't Sent. Mem. at 13-14). However, we agree with the defense that Green did not personally participate in the assault that night, and therefore this incident should not be considered an act of violence committed by Green.

about 2011, he was the "acting GF" of the Gang (*See, e.g.*, Tr. 171-74, 840-44). Given Green's leadership status in 2011, it is likely that he was a member of the Gang prior to his release from federal prison in 2010.[2] Nevertheless, the fact remains that there was no proof adduced at trial that Green was a member of the gang earlier than 2010. This impacts his criminal history computation. Under U.S.S.G. § 4A1.2(d), "for offenses committed prior to age 18, only those that resulted in . . . imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instance offense are counted." U.S.S.G § 4A1.2, application note 7; U.S.S.G § 4A1.2(d)(2)(A). Since the date that Green commenced the instant offenses is 2010 – and not 2005, as alleged in the Indictment – the offenses he committed at age 17 in paragraphs 73 and 74 of the PSR do not result in any criminal history points. In addition, for the same reason, Green is not a career offender under U.S.S.G. § 4B1.1(a). *See* U.S.S.G. §§ 4B1.1, application note 1; 4B1.2(c), application note 3 (the provisions of § 4A1.2 are applicable to the counting of convictions under § 4B1.1). Green has three criminal history points for his prior federal drug conviction (PSR ¶ 75), and another two points for committing the instant offense while on supervised release (PSR ¶ 77). This results in a total criminal history score of five, and places him in criminal history category III.

Taking into account the Court's tentative ruling that it cannot find by a preponderance of the evidence that Green conspired to murder Cherry, as well as the Government's revised criminal history computation, the following are the amended Guidelines calculations:

- The underlying racketeering activity for Count One is the narcotics trafficking conduct. (*See* Gov't Sentencing Mem. at 18-19). The base offense level for Count One is therefore the same as for Count Four: offense level 30.

- Count One and Count Four group together, since they involve the same harm. (U.S.S.G. § 3D1.2(d)).

- A four-level enhancement applies because the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(a).

- With offense level 34, criminal history category III, the defendant's Guidelines range for Counts One and Four is 188 to 235 months. Count Four also carries a mandatory minimum sentence of 15 years' imprisonment, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and

---

[2] As the Government indicated in its motions *in limine* prior to trial (Dkt. 469), and during a side bar during trial (Tr. 846), cooperating witness Thomas Morton told the Government that he understood from other BHB members that Green joined BHB during his prior federal prison term. Michael Adams also testified that while Adams was in state prison, he received gang paperwork listing Green as a "four star" general in the Gang. (Tr. 172).

851.

- The Guidelines for Count Five is the mandatory consecutive minimum sentence for that Count, 60 months. U.S.S.G. § 2K2.4(a).

After factoring in the mandatory consecutive sentence on Count Five, the correct Guidelines range for Green is 248 months' imprisonment to 295 months' imprisonment, with a mandatory minimum sentence of 240 months.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: /s/ Jessica Feinstein
Jessica Feinstein
Allison Nichols
Andrew K. Chan
Assistant United States Attorney
(212) 637-1946 / 2366 / 1072

Cc: Brandon Green, by certified mail
Steven Witzel, Esq.