UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

To: Jessica Feinstein, AUSA 1 St. Andrews Plaza New York, NY 10007

Judge Paul G. Gardephe, 40 Foley Square New York, NY 10007

---

UNITED STATES OF AMERICA,

V.

BRANDON GREEN, DEFENDANT

16CR.281(PGG)

### DEFENDANT'S MOTION FOR SENTENCING CORRECTION PURSUANT TO FED.R.CRIM.P. 35(a)

On July 22, 2021, defendant Brandon Green was sentenced to 295 months. The sentence consisted of 235 months on count one "Racketeering conspiracy" and count four the " Narcotics conspiracy ", and 60 months consecutive for count five the "use of a firearm in connection with the Racketeering conspiracy and the narcotics conspiracy.

Herein, Mr. Green raises several issues that his conviction on the Narcotics count is unconstitutional pursuant to Apprendi and Alleyne. Based on the facts of this case, the jury never found beyond a reasonable doubt the required quantity of drugs to support an 841(b)(1)(a) offense. Thus, his sentence should be recalculated for an 841(b)(1)(c) offense where the statutory maximum is 0-30 years not 15- life.

The 924(c) count is invalid because the plain language of the 924(C) STATUTES DO NOT COVER MORE THAN ONE PREDICATED ATTACHED TO ONE 924(C).

Also, he presents the issue that his 924(c) conviction is invalid pursuant to Davis, Barrette and United States v. Heyward, No.19-1054-cr, (2d Cir. June 28, 2021) (Heyward conviction on 924(c) is invalid because it relied on racketeering conspiracy and narcotics conspiracy and because count one the 1962(d) conspiracy encompasses both narcotics and murder conspiracy conduct.

Similarly, Mr. Green's conviction on the 924(c) count is invalid because it relied on both the racketeering and narcotics conspiracy, and because the 1962(d) encompasses both narcotics and murder conspiracy. Thus, this count should be dismissed, vacated, or set for a new trial.

In addition, where the jury may have relied on the invalid racketeering conspiracy, the Fifth Circuit have vacated defendants 924(c) conviction where he was charged like Mr. Green, 924(c) based on both Racketeering and Narcotics conspiracy. United States v. Jones 935 F.3d266 (5th Cir. 2019). (Vacating under plain error).

Likewise, Mr. Green raises the same issue that Jones raised and asks the court to vacate or grant a new trial on the 924(c) conviction. And last the 924(c) conviction must be reversed because the evidence was insufficient on the "in furtherance " of element see United States v. Rosario, 792 Fed. Appx.76 (2d Cir 2019) (Guilty plea reversed based on his plea to a 924(c) conviction, but the evidence was lacking on the "in furtherance of element.)

Executed on 8-10-2021.

Respectfully submitted,

_____

Brandon Green, Defendant Pro Se


CERTIFICATE OF SERVICE

_____


I certify that on 8-11-2021 I emailed a copy of the above motion to the United States District Attorney for the Southern District of New York; Jessica Feinstein (Jessica.feinstein@usdoj.gov). I also sent a copy overnight by US postal mail to Jessica Feinstein on 8/11/2021 to 1 St. Andrews Plaza New York, NY 10007 and to Judge Paul G. Gardpehe on 8/11/2021 to 40 Foley Square New York, NY 10007.