UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>             -against-<br><br>BRANDON GREEN,<br><br>                                         Defendant. | **ORDER**<br><br>(S5) 16 Cr. 281 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

        On March 27, 2019, a jury convicted Defendant Brandon Green of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); narcotics conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count Four); and using, carrying, and possessing firearms during and in relation to, and in furtherance of, the narcotics conspiracy charged in Count Four, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five). (Verdict (Dkt. No. 570))

        Green was sentenced on July 22, 2021 to 235 months' imprisonment on each of Counts One and Four, with those terms to run concurrently, and 60 months' imprisonment on Count Five, to run consecutively to the terms of imprisonment imposed on Counts One and Four; the Judgment was filed July 26, 2021.  (Judgment (Dkt. No. 1057))  Green filed a notice of appeal on July 28, 2021.  (Dkt. No. 1059)

        On August 10, 2021, Green moved pro se to correct his sentence pursuant to Federal Rule of Criminal Procedure Rule 35.  (Dkt. No. 1064)[1]  However, "this Court has no jurisdiction over any substantive matters related to this case and is therefore precluded from addressing the merits of Defendant's Rule 35 motion."  United States v. Ramjohn, No. 96 CR

---

[1] The motion is dated August 10, 2021, but was docketed on August 13, 2021.  An identical motion dated August 11, 2021 was docketed on August 16, 2021.  (Dkt. No. 1071)

767 (SJ), 2008 WL 974580, at *1 (E.D.N.Y. Apr. 8, 2008) (citing United States v. Ramjohn, 866 F .2d 574, 575 (2d Cir.1989) (holding that "[a] notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (internal citations omitted))).  "Indeed, a district court may not grant a Rule 35 motion pending appeal of a judgment, even to correct an illegal aspect of the sentence." Id. (internal quotation marks omitted).  Therefore, this Court will not address the Rule 35 motion.

In a filing dated August 6, 2021, Green seeks a certificate of appealability to appeal this Court's denial of his recusal motion.  (Dkt. No. 1067)  Because Green has not made a substantial showing that he suffered the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253; see Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998).[2]

Green includes in his request for a Certificate of Appealability a document labeled "Petition for Writ of Mandamus."  (Id. at 38)  To the extent Green intends this to be a habeas petition, because Green's direct appeal is pending, the Court denies the present habeas motion without prejudice as premature.  Although the Court is not, strictly speaking, prohibited from adjudicating this motion while Green's direct appeal is pending, see United States v. Outen, 286 F.3d 622, 632 (2d Cir. 2002), it is in the interest of judicial economy "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996).

Dated: New York, New York  
       September 8, 2021

SO ORDERED.

_Paul G. Gardephe_  
Paul G. Gardephe  
United States District Judge

---

[2] Prior to his sentencing, this Court denied Green a certificate of appealability for its decision to deny Green's motion to recuse.  (See Dkt. No. 1050)